**Claude THOMAS, Petitioner,**

v.

**Dennis STRAUB, Respondent.**

**No. 98–CV–70319 DT.**

United States District Court,
E.D. Michigan,
Southern Division.

June 24, 1998.

Claude Thomas, pro se.

Vincent Leone, Asst. Atty. Gen., Lansing, MI, for Respondent.

## ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

DUGGAN, District Judge.

Petitioner, an inmate at the G. Robert Cotton Correctional Facility in Jackson, Michigan, filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, on January 21, 1998. Petitioner alleges that he is incarcerated in violation of his constitutional rights. In response to the petition, respondent filed a motion to dismiss the petition on March 30, 1998, which states that the petition is subject to dismissal for failure to file within the one-year statute of limitations period found at 28 U.S.C. § 2244(d). In an order dated April 17, 1998, the Court granted petitioner until May 11, 1998 to file any additional reply to the motion to dismiss.[1] To date, no additional reply has been filed. The Court has reviewed the motion and the file and concludes that petitioner failed to timely file his application for a writ of habeas corpus; therefore, the petition must be dismissed.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) was signed into law. Among other things, the AEDPA included a section stating as follows:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme

Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) (emphasis added).

Petitioner was convicted in 1993 for assault with intent to commit armed robbery, assault with intent to commit great bodily harm less than murder, and possession of a firearm in the commission of a felony. He received a sentence of 8—20 years on the charge of assault with intent to commit armed robbery and a concurrent sentence of 6—10 years on the charge of assault with intent to commit great bodily harm less than murder. He received a two year consecutive sentence on the possession of a firearm in the commission of a felony charge. Petitioner filed an appeal in the Michigan Court of Appeals on June 2, 1993, and on November 1, 1995, that court affirmed his convictions. Petitioner subsequently filed a delayed application for leave to appeal in the Michigan Supreme Court. On August 30, 1996, his application for leave was denied. Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court. Petitioner's judgment thus became final on November 28, 1996 when he failed to file a petition for certiorari in the Supreme Court within the 90-day deadline provided in Sup.Ct. R. 13. In order to comply with the one-year limitations period set forth in the AEDPA, petitioner must have filed his habeas petition within one year from November 28, 1996, or no later than November 28, 1997. The petition was filed on January 21, 1998. Petitioner has thus failed to comply with 28 U.S.C. § 2244(d)(1), and his claims are now barred.

At least one circuit has held that the one-year statute of limitations found in the AEDPA is subject to equitable tolling, but that an extension of time should be granted only if

---

1. On April 13, 1998, petitioner filed a "respon-    sive rebuttal" to respondent's motion to dismiss.

" 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court for the Central District of California,* 128 F.3d 1283, 1288 (9th Cir.1997) (quoting *Alvarez–Machain v. U.S.,* 107 F.3d 696, 701 (9th Cir.1996)), *cert. denied,* —— U.S. ——, 118 S.Ct. 899, 139 L.Ed.2d 884 (1998). Petitioner has not alleged any extraordinary circumstances that caused him to file his petition after the expiration of the statute of limitations.

Petitioner argues that application of the one year statute of limitations violates the Suspension and *Ex Post Facto* Clauses. *See U.S. Const.* art. I, § 9, cl. 2 and 3. The Suspension Clause states, "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." *Id.,* art. I, § 9 cl. 2. "Whether the one-year limitation period violates the Suspension Clause depends upon whether the limitation period renders the habeas remedy 'inadequate or ineffective' to test the legality of detention." *Miller v. Marr,* 141 F.3d 976, 977 (10th Cir. 1998) (quoting *Swain v. Pressley,* 430 U.S. 372, 381, 97 S.Ct. 1224, 1229–30, 51 L.Ed.2d 411 (1977)). In *Miller,* the court concluded that § 2244(d)'s statute of limitations did not render the habeas remedy inadequate or ineffective in that case because the petitioner had ample opportunity to bring his petition. The court acknowledged, however, that applying the limitation period would possibly violate the Suspension Clause in cases where "the constitutional violation has resulted in the conviction of one who is actually innocent or incompetent." *Id.* at 978 (citing *Schlup v. Delo,* 513 U.S. 298, 324–29, 115 S.Ct. 851, 865–68, 130 L.Ed.2d 808 (1995)).

■ Under the facts presented in this case, the habeas remedy is not rendered inadequate or ineffective due to the application of § 2244(d)(1). Petitioner had a full year following the expiration of the time for filing a petition for a writ of certiorari to present his habeas claims, and he failed to do so. Furthermore, as this Court acknowledged *supra,* § 2244(d)(1) may be subject to equitable tolling, which provides further opportunities to bring habeas claims by those prisoners who have been prevented by "extraordinary circumstances" from filing within the one year period. Petitioner appears to claim that he is innocent of the crimes of which he was convicted.[2] However, in order to present a valid claim of actual innocence, the petitioner must show that there is reliable "new" evidence (i.e., not presented at trial) "show[ing] that it is more likely than not that no reasonable juror would have convicted him." *Schlup,* 115 S.Ct. at 867. Petitioner has not presented new, reliable, evidence showing his actual innocence. Accordingly, he does not fit within the actual innocence exception, if such an exception exists.[3]

■ Finally, the Court rejects petitioner's claim that § 2244(d)(1) violates the *Ex Post Facto* Clause. *See Rashid v. Khulmann,* 991 F.Supp. 254, 260–61 (S.D.N.Y.1998) (holding that § 2244(d)(1) does not violate the *Ex Post Facto* Clause because it neither alters the definition of the crime nor increases the penalty by which the crime is punishable) (citing *California Department of Corrections v. Morales,* 514 U.S. 499, 506, 115 S.Ct. 1597, 1602, 131 L.Ed.2d 588 n.3, 514 U.S. 499, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995)); *see also United States v. Ortiz,* 136 F.3d 161 (D.C.Cir. 1998) (holding that the provision of the AEDPA requiring the defendant to seek court of appeals authorization to file a second or successive 28 U.S.C. § 2255 motion did not violate the *Ex Post Facto* Clause because, *inter alia,* the defendant made no colorable claim that the provision changed the definition of

---

2. It is not clear from the petition whether petitioner claims that he is actually innocent. However, petitioner apparently testified at trial that he shot the victim in self defense, and he claims in his habeas petition that no reasonable fact finder could find him guilty beyond a reasonable doubt.

3. Because this Court concludes that any claim of actual innocence asserted by petitioner is merit-

less, this Court expresses no opinion whether a showing of actual innocence under *Schlup* is sufficient to relieve habeas petitioners from the burdens imposed by § 2244(d)(1). *See Alexander v. Keane,* 991 F.Supp. 329, 335 (S.D.N.Y.1998) (noting that "the Supreme Court has never addressed whether actual innocence (or even cause and prejudice) is available to overcome the procedural bar of a statute of limitations.")

his crime or made the punishment of his crime more burdensome).

Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**