**Donald TAYLOR, Petitioner,**

v.

**Dennis STRAUB, Respondent.**

**No. 00–CV–71478–DT.**

United States District Court,
E.D. Michigan,
Southern Division.

Aug. 9, 2001.

Donald Taylor, Newberry Correctional Facility, Newberry, MI, pro se.

William C. Campbell, Michigan Department of Attorney General, Habeas Corpus Division, Lansing, MI, for respondent.

### OPINION & ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

DUGGAN, District Judge.

On February 21, 2000,[1] Petitioner Donald Taylor filed a *pro se* application for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, raising a number of challenges to his December 13, 1988 conviction for first degree criminal sexual conduct. On July 3, 2000, Respondent filed a motion to dismiss the petition based on the one year statute of limitations contained in 28 U.S.C. § 2244(d). The Court referred this matter to Magistrate Judge Paul Komives on January 16, 2001, for entry of a Report and Recommendation ("R & R").

On February 28, 2001, Magistrate Komives issued an R & R concluding that this Court should grant Respondent's motion to dismiss the petition because Petitioner's application for a writ of habeas corpus is untimely under § 2244(d). (*See* R & R at 8). The R & R set forth the state court proceedings in detail:

> Petitioner was convicted of first degree criminal sexual conduct pursuant to his plea of *nolo contendere* in the Kalamazoo County Circuit Court on December 13, 1988. Petitioner was ultimately sentenced, on June 27, 1991, to a term of 20–60 years' imprisonment. The Michigan Court of Appeals affirmed petitioner's conviction on March 4, 1994, and the Michigan Supreme Court denied petitioner's application for leave to appeal on January 31, 1995. *See People v. Taylor*, 448 Mich. 861, 528 N.W.2d 740 (1995). Petitioner did not file a petition for a writ of *certiorari* in the United States Supreme Court.
>
> On April 3, 1997, petitioner filed a motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.500–.508, raising 24 claims for relief. The trial court denied petitioner's motion on April 11, 1997. Petitioner filed an application for leave to appeal in the Michigan Court of Appeals. His application was denied on November 5, 1999. According to petitioner, he attempted to file an application for leave to appeal in the Michigan Supreme Court, but was prevented from doing so within the applicable time limit by prison officials. On January 6, 2000, the Clerk of the Michigan Supreme Court sent a letter to petitioner informing him that his appeal was not being filed because his papers were received outside of the applicable time limit. Thereafter, on February 21,

---

**1.** As footnote 1 to Magistrate Komives' R & R explains, although the application was not actually filed with the Court on this date, the Court deems it filed on February 21, 2000.

2000, petitioner filed his habeas application.

(R & R at 2–3).

As Petitioner's conviction became final before the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA), he had one year from the AEDPA's enactment in which to file a habeas petition. Accordingly, the period of limitations began to run on April 24, 1996, the effective date of the AEDPA. The Court agrees with the Magistrate Judge's conclusion that the "limitatioris clock" stopped on April 3, 1997, when Petitioner filed a motion for relief from judgment in the trial court and that the clock began running again on November 5, 1999, when the Michigan Court of Appeals denied Petitioner's application for leave to appeal with respect to the motion for relief from judgment. (R & R at 5–6). From April 24, 1996, when the clock began to run, until April 3, 1997, when the clock stopped, 344 of Petitioner's 365 days on the limitations clock elapsed. (*Id.* at 6). Accordingly, Petitioner had 21 days to file a habeas petition once the clock began to run again. The clock began to run again on November 5, 1999, the date Petitioner's application for leave to appeal was denied by the Michigan Court of Appeals. (*Id.*). However, Petitioner did not file his habeas petition until February 21, 2000, 108 days after the restarting of the limitations clock. As the petition was untimely by 87 days, the R & R indicated that Petitioner's application is barred by § 2244(d), unless Petitioner is entitled to equitable tolling on some basis.

■ Petitioner asserts that he is entitled to equitable tolling, based on the prison officials' alleged interference with the filing of an appeal in the Michigan Supreme Court respecting his motion for relief from judgment. The Court agrees with Magistrate Judge Komives' conclusion that even if Petitioner was entitled to equitable tolling based on the conduct alleged by Petitioner, his petition would still be untimely. As previously indicated, 344 days of the limitation period had elapsed when Petitioner filed his motion for relief from judgment on April 3, 1997, leaving only 21 days before the limitation period expired. Even assuming Petitioner was entitled to tolling after the Court of Appeals' decision on November 5, 1999, Petitioner certainly would not be entitled to any tolling after he was informed by the Clerk of the Michigan Supreme Court on January 6, 2000, that his appeal was untimely. Since Petitioner did not file his habeas petition until February 21, 2000, his petition was filed beyond the "remaining" 21 days. Accordingly, Petitioner's application for habeas corpus is untimely under § 2244(d).

The R & R also notified the parties that they may object to and seek review of the R & R, but are required to act within ten days of service of a copy of the R & R. (*Id.*). However, Petitioner filed several motions for enlargement of time to file objections to the R & R. The last enlargement of time granted by this Court ordered that Petitioner file any objections on or before July 31, 2001. (*See* 6/28/01 Order Granting Enlargement of Time to File Objections).

Petitioner filed objections to the R & R. In his objections, Petitioner first asserts that "the full period of limitation has not run against Mr. Taylor's claims involving Michigan's Sex Offender Registration Act (SORA), which renewed themselves on April 1, 1997, the effective date of amendments to M.C.L. § § 28.721; MSA § 4.475(1)." (Pet'r's Objections at 1). Petitioner then goes on to state:

> Mr. Taylor's Motion for Relief from Judgment (Relief Motion) was filed in the Kalamazoo County Circuit Court on April 3, 1997. It is not disputed that the

time between April 3, 1997 and January 6, 2000, is not counted toward the one-year period of limitation under Magistrate Komives' reasoning. It is also not materially disputed that state collateral review came to an end with the Michigan Supreme Court Clerk's notice of procedural default on January 6, 2000. (R & R, 8.) The instant petition, as observed by Magistrate Komives, was filed February 21, 2000. (R & R, 1.) Hence, using the same method of calculation as Magistrate Komives, only 48 days have run against Mr. Taylor's claims involving SORA.

(*Id.*).

■ The Court believes that Petitioner is asserting that the one year period of limitations, as applied to his claims involving Michigan's Sex Offender Registration Act ("SORA"),[2] somehow did not start until April 1, 1997. Petitioner is mistaken. As previously indicated, Petitioner's conviction became final on January 31, 1995, when the Michigan Supreme Court denied Petitioner's application for leave to appeal. Therefore, the one-year limitations period began on April 24, 1996, the effective date of the AEDPA. Therefore, for the reasons previously set forth, the one-year period of limitations had expired when Petitioner filed his petition on February 21, 2000.

■ Next, Petitioner asserts that he "presents a claim of actual innocence."[3] (Pet'r's Objections at 2). "However, in order to present a valid claim of actual innocence, the petitioner must show that there is reliable 'new' evidence (i.e., not presented at trial) 'show[ing] that it is more likely than not that no reasonable juror would have convicted him.'" *Thomas v. Straub*, 10 F.Supp.2d 834, 836 (E.D.Mich.1998) (citing *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 867, 130 L.Ed.2d 808 (1995)). Petitioner has not presented any new, reliable, evidence showing his actual innocence Rather, Petitioner has simply submitted to the Court sixty-nine pages, with no attachments or exhibits, which detail his version of the facts surrounding his offense, and his subsequent trial. Accordingly, Petitioner does not fit within the actual innocence exception, if such an exception exists. *See Thomas*, 10 F.Supp.2d at 836 n. 3; *Raglin v. Randle*, 2001 WL 523530 at *2 (6th Cir.2001).

Having reviewed, and rejected, Petitioner's objections to the R & R, the Court adopts the reasoning and conclusions recommended by Magistrate Komives and accordingly,

**IT IS ORDERED** that Respondent's Motion to Dismiss for Failure to Comply with the Statute of Limitations is **GRANTED**, and Petitioner Donald Taylor's application for a writ of habeas corpus is **DISMISSED**. A Judgment consistent with this Opinion & Order shall issue forthwith.

---

2. Petitioner asserts the amendments to the SORA constitute "a retroactive change in the law which undermines the voluntary, knowing and intelligent character of the plea, and which offends the federal and state constitution as retrospectively and substantively applied," and that he is therefore entitled to withdraw his plea. (First Am. Petition at 32).

3. While Petitioner acknowledges that he beat his victim, a seventeen-day-old infant, to "within inches of her life," he maintains that he did not sexually assault her.