IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-40982

_____


LARRY B. TURNER,

Petitioner-Appellant,

versus

GARY L. JOHNSON, Director,
Texas Department of Criminal
Justice, Institutional Division,

Respondent-Appellee.

_____

Appeal from the United States District Court for the
Eastern District of Texas
_____

June 15, 1999

Before REAVLEY, JOLLY, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

Larry B. Turner, Texas prisoner # 488551, was convicted in a Texas state court in 1988 of aggravated sexual assault. He was sentenced to 20 years imprisonment. On March 10, 1998, Turner filed a petition in the district court seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent filed a motion to dismiss Turner's petition as time-barred under 28 U.S.C. § 2244(d)(1)(A). The magistrate judge entered a report recommending that the respondent's motion be granted and that Turner's petition be dismissed. Over Turner's written objections, the district court adopted the report and recommendation and entered a judgment dismissing Turner's habeas petition. Turner

filed a timely notice of appeal and a request for a certificate of appealability ("COA"). The district court granted Turner's request for a COA on the issue of whether § 2244(d) was unconstitutional on grounds that it violated the Due Process Clause and the Suspension Clause.

Under § 2244(d)(1)(A), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a habeas petitioner has only one year from the date his conviction becomes final (either by the conclusion of direct review or the expiration of the time for seeking such review) to file a habeas petition. § 2244(d)(1)(A). In United States v. Flores, we held that federal prisoners whose convictions had become final before the April 24, 1996 effective date of the AEDPA must be accorded a reasonable time after the AEDPA's effective date within which to file petition for collateral relief under 28 U.S.C. § 2255. 135 F.3d 1000, 1004-05 (5th Cir. 1998), cert. denied, 119 S.Ct. 846 (1999). We determined that one year, commencing on April 24, 1996, presumptively constitutes a reasonable time for those prisoners whose convictions had become final prior to the enactment of the AEDPA to file for relief under § 2255. Id. at 1006; see also Flanagan v. Johnson, 154 F.3d 196, 201 (5th Cir. 1998) (holding that, although we stated in Flores that the one-year limitations period commences on April 24, 1996, the twenty-fourth is not part of the limitations period and the period therefore ends on April 24, 1997).

The same rationale may be applied to a § 2254 petition. See Flanagan v. Johnson, 154 F.3d 196, 199-200 & n.2 (5th Cir. 1998) (applying the Flores holding to a § 2254 petition). Because Turner was challenging a state-court conviction, which became final long before the effective date of the AEDPA, Turner had one year from April 24, 1996, to file his § 2254 petition in the district court. See id. Turner did not file his § 2254 petition in the district court until March 10, 1998, making it untimely.

Turner contends that his due process rights were violated when the district court dismissed his habeas petition as time-barred. He asserts that he raised four claims in his federal habeas petition and that not all of the claims became time-barred on April 24, 1997. Turner provides no support for this assertion, nor does he attempt to distinguish which of his claims survives the time bar. We must therefore conclude that Turner has failed to allege a due process violation.

Turner also makes an argument that the limitations period should be equitably tolled. This court has held that equitable tolling can apply to the limitation period of § 2244(d). Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied 1999 WL 105620 (U.S., April 19, 1999) (No. 98-8209). Equitable tolling, however, should apply only in "rare and exceptional circumstances." Id. at 811. We have held that neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. Barrow v. New

<u>Orleans S.S. Ass'n</u>, 932 F.2d 473, 478 (5th Cir. 1991) (age discrimination case). It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason. <u>Id.</u>

Turner does not indicate why he waited until March 1998 to pursue federal habeas corpus relief. He does not allege that he was unaware of any of his substantive claims until such time, and he does not allege that officials prevented him from seeking relief. Turner has failed to demonstrate that equitable tolling should apply to his case. The district court therefore did not err by dismissing Turner's petition as time-barred.

Finally, Turner makes the argument that § 2254(d) is unconstitutional because it violates the Suspension Clause. The Suspension Clause, art. 1, § 9, cl. 2, states: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." In <u>United States v. Brierton</u>, we rejected this argument made by a § 2255 movant. No. 98-10382 (5th Cir. Jan. 12, 1999) (unpublished).[1] In that case, we distinguished between a habeas petition brought under § 2254 and motions to correct sentences brought under § 2255. <u>Id.</u> at 3-5. We held that, because a § 2255 motion does not amount to a habeas proceeding, Brierton's argument that § 2244(d) violated the Suspension Clause was without merit.

---

[1]Although <u>Brierton</u> is an unpublished opinion and therefore not binding on this court, <u>see</u> 5th Cir. R. 47.5.4, we find its reasoning persuasive in this case.

4

In _Sonnier v. Johnson_, Sonnier, a § 2254 petitioner, argued that § 2244(d) violated the Suspension Clause.  161 F.3d 941, 952 (5th Cir. 1998).  He also argued that the district court had erred by dismissing his habeas petition as time-barred under § 2244(d) because he had in fact filed it within the one-year prescriptive period.  _Id._ at 942-45.  We remanded "for the district court to revisit the issue of time-bar, including the Suspension Clause issue if the court again finds the application to be time-barred." _Id._ at 946.

We therefore have not addressed the application of the Suspension Clause to the limitations provision set forth in § 2244(d). Other courts have rejected the argument that this provision of the AEDPA violates the Suspension Clause. _See_ _Miller v. Marr_, 141 F.3d 976, 977-78 (10th Cir.) (petitioner failed to demonstrate that one-limitations period resulted in inadequacy and ineffectiveness of habeas remedy), _cert. denied_, 119 S.Ct. 210 (1998); _Lindh v. Murphy_, 96 F.3d 856, 867-68 (7th Cir. 1996), _rev'd on other grounds_, 177 S.Ct. 2059 (1997).

In _Felker v. Turpin_, 518 U.S. 651, 664 (1996), the Supreme Court ruled that the successive petition requirements of § 2254 did not violate the Suspension Clause.  In so ruling, the Court noted the deference the Court accords to Congress in defining the scope of the writ:

> [W]e have long recognized that "the power to award the
> writ by any of the courts of the United States, must be
> given by written law," _Ex parte Bollman_, 4 Cranch 75,
> 94, 2 L.Ed. 554 (1807), and we have likewise recognized

> that judgments about the proper scope of the writ are "normally for Congress to make." <u>Lonchar v. Thomas</u>, 517 U.S. 314, ----, 116 S.Ct. 1293, 1298, 134 L.Ed.2d 440 (1996).

<u>Id.</u> Although provisions governing the first writ of habeas corpus present a closer issue than provisions governing successive habeas petitions, we agree with the reasoning of the Tenth Circuit in <u>Miller</u>. Turner cannot show that the limitation period has rendered his habeas remedy inadequate or ineffective. We therefore reject Turner's claim that § 2244 is unconstitutional.

For the foregoing reasons, the district court's ruling is

A F F I R M E D.