IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10335
Conference Calendar
_____

RUBEN CHAPA IBARRA,

                                        Plaintiff-Appellant,

versus

DAVID TURNER DUNCAN, JR.,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:99-CV-36-C
--------------------

August 27, 1999

Before KING, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Ruben Chapa Ibarra ("Chapa"), Texas prisoner # 64530-080, appeals the <u>sua</u> <u>sponte</u> dismissal for lack of subject matter of his <u>pro</u> <u>se</u> lawsuit against former counsel whom he alleges breached his contract, defrauded him of fees paid, and acted negligently in failing to represent him in postconviction proceedings. Both Chapa and Duncan are residents of Texas; consequently, diversity jurisdiction does not exist. <u>See</u> 28

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 1332; <u>Getty Oil Corp. v. Insurance Co. of N. Am.</u>, 841 F.2d 1254, 1258-59 (5th Cir. 1988).

Chapa now argues that federal-question jurisdiction exists, pursuant to 28 U.S.C. § 1331, because his claims against his attorney are related to a federal criminal conviction.  This argument is specious; he has filed a lawsuit alleging claims of fraud, breach of contract, and negligence, none of which, on their face, implicates a federal right sufficiently to invoke § 1331, irrespective of the nature of his criminal conviction.

Chapa additionally argues that jurisdiction is somehow grounded upon Federal Rules of Civil Procedure 55 and 60.  These rules, dealing with judgments and relief therefrom, have nothing to do with jurisdiction.  <u>See</u> Fed. R. Civ. P. 55 and 60.

Chapa renews his argument that jurisdiction existed under § 1331 because his attorney's fraud had the effect of suspending his habeas relief, in violation of the Suspension Clause, since the limitations period for pursuing postconviction relief has expired in his case.  Even if it is assumed that Chapa may raise a Suspension Clause claim in a civil action against his attorney, his postconviction relief procedure is under 28 U.S.C. § 2255, the limitations period of which is not constrained by the Suspension Clause because a § 2255 motion is not a habeas corpus action.  <u>See</u> <u>Turner v. Johnson</u>, 177 F.3d 390, 392 & n.1 (5th Cir. 1999).

Dismissal for lack of subject-matter jurisdiction was not error.  This appeal is without arguable merit, is frivolous, and

is dismissed.  <u>See</u> <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983);  5TH CIR. R. 42.2.

APPEAL DISMISSED.