IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60799
Summary Calendar
_____

NORRIS C. GREEN,

                                      Petitioner-Appellee,

versus

WALTER BOOKER; MIKE MOORE,
Attorney General, State of Mississippi,

                                      Respondents-Appellants.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:98-CV-53
--------------------

September 10, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The respondents/appellants appeal the district court's denial of their motion to dismiss Norris C. Green's 28 U.S.C. § 2254 application as time-barred under 28 U.S.C. § 2244(d)(1).

Green's (Mississippi prisoner # 30707) conviction for attempted armed robbery became final on March 21, 1995, after the Mississippi Supreme Court affirmed his conviction and sentence. Green filed his state habeas application on March 27, 1997, which

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was denied on August 15, 1997.  Green filed this § 2254 application on January 14, 1998.

The district court held that in order not to violate the Suspension Clause, the one-year limitation period should be interpreted to run from the time when the post-conviction proceedings in state court are final and the claims have been exhausted.  Appellants argue that the district court's opinion is in direct contradiction to the plain wording of the provisions of § 2244(d).  They argue that the one-year period does not constitute an unlawful suspension of the writ in violation of the Suspension Clause.  They contend that Green's § 2254 application should be dismissed with prejudice for failure to timely file within the one-year statute of limitations.

A state prisoner has only one year from the date his conviction becomes final, either by the conclusion of direct review or the expiration of the time for seeking such review, to file a § 2254 application.  § 2244(d)(1)(A); Turner v. Johnson, 177 F.3d 390, 391 (5th Cir. 1999).  In United States v. Flores, 135 F.3d 1000, 1005 (5th Cir. 1998), cert. denied, 119 S. Ct. 846 (1999), we held that federal prisoners whose convictions had become final before the April 24, 1996, effective date of the AEDPA "must be accorded a reasonable time after the AEDPA's effective date within which to file petitions for collateral relief under section 2255."  One year, commencing on April 24, 1996, presumptively constitutes a reasonable time for those prisoners whose convictions had become final prior to the enactment of the AEDPA to file for relief under 28 U.S.C. § 2255.

Id. at 1005-06.  In Flanagan v. Johnson, 154 F.3d 196, 199-200 and n.2 (5th Cir. 1998), we noted that the rule of Flores applied with equal force to state prisoners seeking habeas relief under § 2254.  Because Green was challenging a state-court conviction that became final in 1995 prior to the effective date of the AEDPA, he had at least until April 24, 1997, to file his § 2254 application.

According to the plain language of the statute, any time that passed between the time that Green's conviction became final (or in this case, from the effective date of the Act because his conviction became final before then) and the time that his state application for habeas corpus was properly filed must be counted against the one year period of limitation.  § 2244(d)(2); Flanagan, 154 F.3d at 199 n.1.  The period during which Green's state habeas application was pending does not count toward the period of limitation.  § 2244(d)(2).  Green filed his state habeas application on March 27, 1997, which was denied on August 15, 1997.  The one-year grace period was tolled while Green's state habeas application was pending, extending the one-year period until September 12, 1997.  See § 2244(d)(2).  Green did not file his § 2254 application until January 14, 1998.

Green's application was untimely according to the statute and this court's opinions interpreting the statute.  The appellants' interpretation of the statute is the correct one. The district court's interpretation that Green had one year to file his § 2254 application beginning on the date he exhausted his state remedies is insupportable by either the plain language

of the statute or this court's jurisprudence.  In deciding that such an interpretation was required in order to avoid a violation of the Suspension Clause, the district court did not have the benefit of our opinion in <u>Turner</u> in which we held that the one-year limitations period contained in § 2244(d) did not violate the Suspension Clause.  177 F.3d at 392-93.

The judgment of the district court is REVERSED, and this case is REMANDED to the district court with instructions to grant the respondents' motion to dismiss.

REVERSED AND REMANDED WITH INSTRUCTIONS.