**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 13 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Defendant - Appellee,

vs.

MARIO GUILLERMO CORDOVA,

      Plaintiff - Appellant.

No. 99-1306
(D.C. No. 99-D-782)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

Mr. Cordova, an inmate appearing pro se, seeks to appeal from the denial

of his 28 U.S.C. § 2255 motion. He pled guilty to distribution of narcotics, 21

U.S.C. § 841(a), and was sentenced to 80 months imprisonment and four years of

supervised release thereafter. The judgment was entered and became final on July

24, 1997. Almost two years later, on April 20, 1999, Mr. Cordova filed a § 2255

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

motion challenging his sentence on six grounds. The district court dismissed all of the claims finding that four of them were time barred as filed outside the one-year AEDPA limitation period, 28 U.S.C. § 2255(1), and the other two should have been brought in a § 2241 motion challenging the execution of the sentence. On appeal, Mr. Cordova argues that (1) the one-year limitation period should not begin until a non-English speaking prisoner becomes sufficiently capable of using the language to mount a challenge to his sentence and (2) the Suspension Clause is violated when a prisoner is prevented from filing his first-ever habeas petition. He seeks a remand so the district court may adjudicate the merits of all his claims. We affirm and agree with the district court that the other two claims are not cognizable under § 2255.

The denial of a § 2255 motion as time barred is a legal ruling we review de novo. See United States v. Cox, 83 F.3d 336, 338 (10th Cir. 1996). Under AEDPA, a § 2255 habeas petition must be brought within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(1). Mr. Cordova does not dispute that the judgment became final almost two years before he filed his petition. Rather, he argues that the limitations period should be equitably tolled because of his lack of knowledge of English.

The one-year limitations period in § 2255 is not a jurisdictional hurdle and can be tolled "when a movant untimely files because of extraordinary

circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). Such circumstances exist when "the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.'" Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618 (3d Cir. 1998) (dealing with one year limitation period of § 2244) (citation omitted). Moreover, petitioner must also plead with "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (interpreting § 2244).

Lack of familiarity with the English language does not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the AEDPA limitations period. See Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (noting that unfamiliarity with the law due to illiteracy does not toll limitations period). Moreover, the record contradicts Mr. Cordova's unsupported assertion as to his language skills. Mr. Cordova signed a "Statement By Defendant In Advance of Plea of Guilty" written in both English and Spanish. In both versions, he specifically noted that "I can read and understand the English language." Mr. Cordova responds by asserting that these statements are not in his handwriting and were written by someone else. Be that as it may, we reject the contention that the one-year limitation period is tolled indefinitely until

- 3 -

a prisoner becomes sufficiently familiar with the English language to file a habeas petition. Such an interpretation would go far beyond the limited exception that equitable tolling provides based upon case-specific facts.

Mr. Cordova also claims that the one-year limitation on filing a § 2255 first habeas petition violates the Suspension Clause. This issue was addressed in Miller v. Marr, 141 F.3d 976 (10th Cir. 1998) in regard to § 2254 petitions and applies equally in the present case. "Whether the one-year limitation period violates the Suspension Clause depends upon whether the limitation period renders the habeas remedy 'inadequate or ineffective' to test the legality of detention." Id. at 977 (citation omitted). Mr. Cordova bears the burden of proving inadequacy or ineffectiveness. Id.

The remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual is procedurally barred from filing a habeas petition. See Triestman v. United States, 124 F.3d 361, 376 (2d Cir 1997) (quoting In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997)). Rather, a habeas petitioner must show that he is unable to use § 2255, and a failure to otherwise hear his claim would raise serious constitutional questions. Mr. Cordova has failed on both points. He was unable to successfully employ § 2255 because of his lack of diligence in pursuing his federal claims, and has failed to assert any serious constitutional questions arising from the denial of his habeas petition. Miller, 141

- 4 -

F.3d at 978. We also note that Mr. Cordova does not assert his innocence in the underlying action, but only asks to be resentenced. Id.

We DENY a certificate of appealability and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge