IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10493
Conference Calendar

_____

LORENZO MENDOZA-MEDINA,

                                    Petitioner-Appellant,

versus

ANTHONY MEDELLIN, BSCC Airpark Unit,
Warden; UNITED STATES OF AMERICA,

                                    Respondents-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:00-CV-92-C
- - - - - - - - - -
December 13, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Lorenzo Mendoza-Medina (Mendoza), federal prisoner # 85707-080, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition. Mendoza argues that he should be allowed to challenge alleged sentencing errors in a § 2241 petition because a 28 U.S.C. § 2255 motion would be barred by the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year limitations period. He also argues that the district court's refusal to entertain a § 2241 petition is a violation of the Suspension

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Clause because it prevents a first-time review on the merits of his claims. *See* U.S. Const. art. 1, § 9, cl. 2.

The district court properly dismissed Mendoza's § 2241 petition. He was sentenced in the district court for the Western District of Texas. He filed his § 2241 petition in the district court for the Northern District of Texas. Mendoza attempts to circumvent the AEDPA's limitations period for § 2255 motions by characterizing his pleading as a § 2241 petition. Nevertheless, § 2255 is the proper remedy for Mendoza's claims because he alleges errors that occurred at sentencing, not errors in the execution of the sentence. *See Ojo v. INS*, 106 F.3d 680, 683 (5th Cir. 1997). Only the court that sentenced Mendoza (the district court for the Western District of Texas) would have had jurisdiction over a § 2255 motion. *See id.*

The AEDPA's one-year limitations period does not render Mendoza's § 2255 remedy inadequate or ineffective. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Moreover, the one-year limitations period does not violate the Suspension Clause even if it forecloses a first-time movant from review of his claims. *See Turner v. Johnson*, 177 F.3d 390, 392-93 (5th Cir.) (§ 2254), *cert. denied*, 120 S. Ct. 504 (1999). Accordingly, the district court's dismissal is AFFIRMED.