# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

m 01-11204

LEONARD URESTI ROJAS,

Petitioner-Appellant,

VERSUS

JANIE COCKRELL,
DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Texas
3:00-CV-716

June 7, 2002

Before JONES, SMITH, and
EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Leonard Rojas filed his first federal petition for writ of habeas corpus, which the district court denied as untimely, rejecting Rojas's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be pub-
(continued...)

[*](...continued)
lished and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argument that the time limit of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2244(d), violates the Suspension Clause, U.S. CONST. art. I, § 9, cl. 2. The district court also refused to grant a certificate of appealability ("COA"). Agreeing with the district court, we decline to issue a COA.

## I.

Rojas shot and killed his girlfriend and brother in a jealous rage after a night of drinking and drug use. A jury convicted Rojas of capital murder and sentenced him to death. On September 23, 1998, the Texas Court of Criminal Appeals affirmed the conviction and sentence in *Rojas v. State*, 986 S.W.2d 241 (Tex. Crim. App. 1998). On November 4, 1998, that court denied rehearing. Because Rojas did not file a petition for writ of certiorari in the United States Supreme Court, his conviction became final ninety days following the denial of rehearing, on February 2, 1999.

On June 22, 1998, while his direct appeal was pending, Rojas filed an application for writ of habeas corpus in state court. On December 9, 1998, the Court of Criminal Appeals rejected that writ application in *Ex Parte Rojas*, No. 39,062-01 (Tex. Crim. App. Dec. 9, 1999) (unpublished); *Ex Parte Rojas*, 981 S.W.2d 690 (Tex. Crim. App. 1998) (Baird, J., concurring).

On April 5, 2000, Rojas applied to the federal district court for appointment of counsel to file a federal habeas petition under 28 U.S.C. § 2254. The court appointed counsel, who, on March 23, 2001, filed a petition. On September 6, 2001, the court denied the petition with prejudice and refused to issue a COA. *Rojas v. Cockrell*, No 3:00-CV-0716-D, 2001 U.S. Dist. LEXIS 13988

(Sept. 6, 2001). The court found that AEDPA's one-year statute of limitations, codified at 28 U.S.C. § 2244(d), barred Rojas's claim.

## II.

Where the district court denies relief on procedural grounds, the petitioner must satisfy two elements before we will grant a COA. He must show that "jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right" and "would find it debatable whether the district court was correct in its procedural ruling."[1]

Rojas admits that he filed his first habeas petition over a year after his final conviction, making the petition untimely.[2] He argues only that § 2244(d) violates the Suspension Clause.[3] We twice have held that AEDPA's

---

[1] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir.) (addressing questions about the juvenile death penalty and other due process concerns under the two-part test), *cert. denied*, 533 U.S. 969 (2001); *Dwothitt v. Johnson*, 230 F.3d 733, 752 (5th Cir. 2000) (reviewing admission of DNA evidence), *cert. denied*, 532 U.S. 915 (2001). Because we deny relief on Rojas's procedural issue, we do not reach the additional prong of the *Slack* test, i.e., whether he stated a cognizable claim of the denial of a constitutional right. *See Beazley*.

[2] 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

[3] The Suspension Clause of the federal Constitution provides that "[t]he privilege of the writ of habeas corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety
(continued...)

statute of limitations only alters the procedure for bringing a habeas petition and does not unconstitutionally suspend the writ. *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Every other federal court of appeals to address the question has reached the same conclusion.[4]

Following *Felker v. Turpin*, 518 U.S. 651, 663-64 (1996), we have assumed *arguendo* that the Suspension Clause refers to the modern, twentieth-century writ rather than to the writ as it may have existed in 1789. *Turner*, 177 F.3d at 392. We have found that the limitation period does not make "the habeas remedy 'inadequate or ineffective' to test the legality of detention."[5]

Congress and the Supreme Court regulated the procedure and form of the writ throughout the twentieth century.[6] For example, before

---

[3](...continued)
may require it." U.S. Const. art. 1, § 9, cl. 2.

[4] *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 113 (2d Cir.) ("[B]ecause AEDPA's one-year statute of limitations leaves habeas petitioners with some reasonable opportunity to have their claims heard on the merits, the limitations period does not render the habeas remedy 'inadequate or ineffective to test the legality of detention,' and therefore does not *per se* constitute an unconstitutional suspension . . . .") (citations omitted), *cert. denied*, 531 U.S. 873 (2000); *Weaver v. United States*, 195 F.3d 123, 125 (2d Cir. 1999) (finding that 28 U.S.C. § 2255's time limit for federal prisoners did not violate Suspension Clause even though § 2255 does not include tolling provisions); *Davis v. Bumgarner*, 201 F.3d 324 (4th Cir. 1999) (table) (unpublished) (available at 1999 WL 1032617) (denying COA because petitioner failed to satisfy § 2254's constitutional statute of limitations); *Hampton v. M.K. Madding*, 232 F.3d 894 (6th Cir. 2000) (table) (unpublished) (available at 2000 WL 800724) (rejecting Suspension Clause argument because § 2254 gave petitioner a year to pursue claims and petitioner provided zero evidence that he diligently pursued those claims), *cert. denied*, 531 U.S. 1081 (2001); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (emphasizing equitable tolling and absence of claimed actual innocence or incompetence); *Wyzykowski v. Dep't of Corrections*, 226 F.3d 1213, 1216-17 (11th Cir. 2000) (explaining the similarities to abuse of the writ doctrine, availability of equitable tolling, and open question of actual innocence).

[5] *Turner*, 177 F.3d at 392 (stating that "we agree with the reasoning of the Tenth Circuit in *Miller*). *See Miller*, 141 F.3d at 977 (citations omitted).

[6] The Supreme Court has barred habeas claims where the petitioner failed to appeal in state courts, the petitioner's successive petitions abused the writ, and the petitioner relied on Supreme Court decisions post-dating the final conviction. *Harris v. Reed*, 489 U.S. 255, 263 (1989) ("[A] procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering judgment in a case 'clearly and expressly' states that its judgment rests on a state procedural bar.") (citations omitted); *McClesky v. Zant*, 499 U.S. 467, 503 (1991) (abuse of writ); *Stringer v. Black*, 503 U.S. 222, 236-37 (1992) (explaining that habeas court need only look to decisional law at time of final conviction).

In the only cases in which the Supreme Court found that statutes raised Suspension Clause questions, the Justices rejected interpretations of the statutes that would have stripped federal courts of all jurisdiction over a first habeas application. *INS v. St. Cyr*, 533 U.S. 289, 298, 300-03 (2001); *Felker*, 518 U.S. at 660-61 (noting that "[n]o provision of Title I mentions our authority to entertain (continued...)

AEDPA was enacted, the courts could dismiss a petition if the state had been "prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred." 28 U.S.C. § 2254 Rule 9(a) (1994 ed.).[7] Similarly, § 2244(d) establishes a statute of limitations requiring the petitioner to bring any claim within one year of final conviction.

Replacing rule 9(a)'s standard for dismissal with a bright-line rule does not obviously impede prisoners' rights to bring habeas applications.[8] We owe deference to Congress's choices about the "proper scope of the writ." *Turner*, 177 F.3d at 392. Because § 2244(d) does not significantly impede the petitioner from bringing a first habeas petition, and Congress has considerable power to alter the form of the writ, AEDPA's statute of limitations does not unconstitutionally render the habeas remedy "inadequate or ineffective." Given binding Supreme Court and Fifth Circuit precedent, no reasonable jurist would find this point debatable.

The application for COA is DENIED.

---

[6](...continued)
original habeas petitions," and that the statute "makes no mention of our authority to hear habeas petitions filed as original matters in this Court."); *Ex parte Yerger*, 8 Wall. 85, 102 (1869) ("We are not at liberty to except from [habeas corpus jurisdiction] any cases not plainly excepted by law.").

[7] Before AEDPA was enacted, the Supreme Court held that rule 9(a) and the habeas statutes laid out the proper and exclusive criteria for dismissing untimely applications. *Lonchar*, 517 U.S. at 322-23.

[8] Many statutory and judicial qualifications soften the harshness of AEDPA's time limit. First, § 2244 tolls the time limit for the period of time that unconstitutional state action prevents the petitioner from filing an application. 28 U.S.C. § 2244(d)(1)(B). Second, limitations run only from when the Supreme Court establishes a new constitutional right and makes the right retroactive on appeal. 28 U.S.C. § 2244(d)(1)(C). Third, the statute tolls the running of limitations for claims whose factual predicates could not have been discovered by exercising due diligence. 28 U.S.C. (continued...)

[8](...continued)
§ 2244(d)(1)(D). Fourth, this court, like every other federal court, has interpreted § 2244 to include an exception for equitable tolling. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1996).

4