**Ali CELAJ, Petitioner–Appellant,**

v.

**Christopher ARTUZ, Respondent–Appellee.**

No. 01–2435.

United States Court of Appeals, Second Circuit.

Oct. 10, 2002.

Robert A. Culp, New York, NY, for Appellant.

Susan H. Odessky, Assistant Attorney General; Eliot Spitzer, Attorney General of the State of New York, on the brief, New York, NY, for Appellee.

Present ROGER J. MINER, SONIA SOTOMAYOR and ROBERT A. KATZMANN, Circuit Judges.

*SUMMARY ORDER*

UPON DUE CONSIDERATION of this appeal from a judgment of the United States District Court for the Southern District of New York (Patterson, Judge), it is hereby

ORDERED, ADJUDGED AND DECREED that the judgment of the district court is AFFIRMED.

Petitioner Ali Celaj appeals from an order of the district court (Patterson, J.) denying petitioner's motion to toll the deadline for filing an application for habeas relief. Petitioner was convicted in state court in 1983 for drug trafficking and was

sentenced to a term of twenty-five years to life. Petitioner's conviction was affirmed on direct appeal, and his petition to the trial court claiming ineffective assistance of counsel was rejected. His conviction became final in 1989 after he was denied leave to appeal to the New York Court of Appeals.

After his trial, petitioner's trial attorney, Martin Light, was convicted of drug trafficking and disbarred. Petitioner was approached in 1992 by Stanley Meyer, Light's former law partner, who claimed to have information regarding Light's criminal activities and the possible connection between those activities and the crimes for which petitioner was convicted. Meyer offered to file petitioner's habeas petition, and accepted payments for that purpose. However, Meyer never prepared or filed a habeas claim for petitioner, and petitioner was unable to contact Meyer after 1994. Petitioner pursued misconduct complaints against Meyer in the Office of Court Administration, and ultimately learned in April 1998 that Meyer had just been disbarred. Four months later, petitioner filed a petition *pro se* pursuant to 22 U.S.C. § 2254.

This petition was dismissed by the district court for failure to meet the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (1996) (codified as amended in scattered sections of 8, 18, 22, 28, 40, and 42 U.S.C.). Petitioner appealed to this Court, and argued both that the statute of limitations should be equitably tolled and that the district court had failed to consider certain documents relevant to the question of equitable tolling. We remanded for the district court to consider petitioner's additional documents in determining whether he was entitled to equitable tolling. *Celaj v. Artuz*, 208 F.3d 202 (2d Cir.2000) (unpublished summary order).

On remand, the district court rejected petitioner's claim that he was entitled to equitable tolling because of his failure to act with reasonable diligence throughout the period he sought to toll. The court also rejected petitioner's claim that the "miscarriage of justice" exception entitled him to review of his habeas claim on the merits. Petitioner then appealed to this Court.

The standard of review of a district court's decision regarding equitable tolling of the AEDPA filing deadline has not been expressly articulated in this Circuit.[1] There is currently a circuit split on this precise question, with some circuits applying abuse of discretion and others applying *de novo* review.[2] We need not decide the applicable standard of review for this Circuit, however, because we conclude that the standard of review makes no difference to our ultimate disposition in this case.

AEDPA includes a statute of limitations that bars habeas petitions filed after a certain amount of time has elapsed from the date on which a conviction became

---

**1.** Respondent claims that the standard of review is *de novo*, based on our holding in *Smith v. McGinnis*, 208 F.3d 13 (2d Cir.2000). *Smith*, however, was an appeal from a district court's holding regarding the extent to which state collateral review proceedings tolled the AEDPA filing deadline. *Id.* at 16. We did address petitioner's argument on appeal that the filing deadline should be equitably tolled, but did not review any part of the district court's holding in this regard. *Id.* at 16–17. *Smith*, therefore, does not control.

**2.** Two circuits have held that the abuse of discretion standard uniformly applies, *see Delaney v. Matesanz*, 264 F.3d 7, 13 (1st Cir. 2001); *Woodward v. Williams*, 263 F.3d 1135, 1142 (10th Cir.2001); and others have held that abuse of discretion applies unless the facts are undisputed or the district court reached its conclusion solely as a matter of law, *see Dunlap v. United States*, 250 F.3d 1001, 1007–08 n. 2 (6th Cir.2001) (holding that "where the facts are undisputed or the district court rules as a matter of law that

final. 28 U.S.C. § 2244(d)(1). Because petitioner's conviction became final before AEDPA was enacted in 1996, he was entitled to a one-year grace period from the date of enactment during which to file his habeas petition. *See Ross v. Artuz,* 150 F.3d 97, 103 (2d Cir.1998). This grace period expired on April 24, 1997, *see id.* at 101, almost sixteen months before petitioner filed his petition in August 1998.

This Court has held that equitable tolling can apply to the one-year statute of limitations contained in § 2244(d) or to the one-year grace period announced in *Ross v. Artuz. Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir.2000). Equitable tolling applies "only in the 'rare and exceptional circumstance[ ].'" *Id.* (quoting *Turner v. Johnson,* 177 F.3d 390, 391–92 (5th Cir.1999)) (alteration in original). A court may toll the one-year statute of limitations in cases in which the petitioner can show that "extraordinary circumstances prevented him from filing his petition on time" despite the exercise of "reasonable diligence throughout the period [petitioner] seeks to toll." *Id.; see also Johnson v. Nyack Hosp.,* 86 F.3d 8, 12 (2d Cir.1996).

■ We agree with the district court that even if Stanley Meyer's fraudulent behavior in stealing money from petitioner and failing to file petitioner's habeas petition constitutes "extraordinary circum-

stances," equitable tolling is not warranted because petitioner failed to act with reasonable diligence. Petitioner's last written contact with Meyer was through a letter received in December 1994, which indicated that Meyer had not filed the petition at that point. Given that this contact was almost two years after petitioner first requested that Meyer prepare the habeas petition, petitioner was not reasonably diligent in waiting almost four additional years before filing a petition for habeas relief. *See Valverde v. Stinson,* 224 F.3d 129, 134 (2d Cir.2000) (holding that in order to make a claim for equitable tolling, a petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances"); *see also Hizbullahankhamon v. Walker,* 255 F.3d 65, 74–75 (2d Cir.2001).

Petitioner further argues that equitable tolling is warranted because it was only on learning of Meyer's disbarment in 1998, after the habeas deadline had already passed, that petitioner was conclusively aware that Meyer did not and would not file a habeas petition. We agree with the district court that reasonable diligence re-

equitable tolling is unavailable, we apply the *de novo* standard of review to a district court's refusal to apply the doctrine of equitable tolling; in all other cases, we apply the abuse of discretion standard"); *Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999) (holding that "where, as here, the facts are undisputed as to the question of equitable tolling, we review *de novo* " a district court's dismissal of a habeas petition on statute of limitations grounds); *Fisher v. Johnson,* 174 F.3d 710, 713 & n. 9 (5th Cir.1999) (reviewing a district court's decision whether to allow equitable tolling for abuse of discretion, because "[s]uch a decision is left to the district court's discretion," but noting that where a court

"denie[s] equitable tolling as a matter of law rather than in exercise of discretion," *de novo* review would apply); *Smith–Haynie v. Dist. of Columbia,* 155 F.3d 575, 578 n. 4 (D.C.Cir. 1998) ("We use the *de novo* standard [in this appeal] despite the fact that the doctrine of equitable tolling ordinarily involves discretion on the trial judge's part. We read the judge's decision here to be based upon her finding that as a matter of law [petitioner's] evidence could not support invocation of the equitable tolling doctrine based upon her mental state."); *see also Jihad v. Hvass,* 267 F.3d 803, 807 n. 3 (8th Cir.2001); *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999).

quired petitioner to act even before learning of Meyer's disbarment; as noted above, the disbarment was not the only indication that Meyer would not file the petition. And as petitioner does not dispute, the factual predicate for his habeas claim—ineffective assistance of petitioner's *trial* counsel—was an argument that was available to petitioner long before he learned of Meyer's disbarment.

Petitioner argues as well that his claims on the merits entitle him to equitable tolling. Specifically, petitioner alleges that his trial counsel failed to inform him of a plea offer of six years, which in light of the sentence petitioner ultimately received constitutes ineffective assistance of counsel. While petitioner's trial counsel may have been ineffective, *see Boria v. Keane,* 99 F.3d 492, 496–97 (2d Cir.1996) (holding that the failure to communicate a plea offer of substantial value can be ineffective assistance of counsel), there is nothing in the record to indicate that this violation prevented petitioner from filing his habeas petition. Petitioner does not allege any ineffectiveness of trial counsel that created obstacles to the timely filing of a habeas petition; the alleged ineffectiveness goes only to the length of petitioner's incarceration. Petitioner's merits claim thus cannot serve as a basis for equitable tolling of the filing deadline.

Finally, petitioner claims that his habeas petition should be reviewed because a "miscarriage of justice" would result if he is barred from federal review of his claim regarding constitutional violations at trial. However, "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not itself sufficient to establish a miscarriage of justice that would allow a habeas court to review the merits of a barred claim." *Schlup v. Delo,* 513 U.S. 298, 316, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Petitioner himself concedes that he is not claiming actual innocence. Because petitioner has not shown that "a constitutional violation has probably resulted in the conviction of one who is actually innocent," *id.* at 327 (quoting *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986)) (internal quotation marks omitted), the "miscarriage of justice" exception does not apply.

Whether the standard of review is abuse of discretion or *de novo,* we would not disturb the district court's conclusions on any of these points. The district court's order denying petitioner's motion for equitable tolling of the habeas filing deadline is AFFIRMED.