IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41109
Conference Calendar

_____


OSCAR MARTINEZ,

                                        Petitioner-Appellant,

versus

EARNEST V. CHANDLER, Warden,

                                        Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:00-CV-541
- - - - - - - - - -
December 12, 2002

Before JOLLY, JONES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Oscar Martinez, federal prisoner # 43662-080, was convicted

of aiding and abetting the distribution of in excess of 100

kilograms of marihuana.  He appeals the district court's

dismissal of his 28 U.S.C. § 2241 petition, arguing that he

qualifies for relief under the savings clause of 28 U.S.C.

§ 2255.  He asserts that his sentence is invalid under Apprendi

v. New Jersey, 530 U.S. 466 (2002), and argues for the first time

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

on appeal that his inability to proceed under 28 U.S.C. § 2255 violates the Suspension Clause.

This court has recently held that Apprendi does not apply retroactively to cases on collateral review and that an Apprendi claim does not satisfy the requirements for filing a 28 U.S.C. § 2241 petition under the savings clause. See Wesson v. U.S. Penitentiary, Beaumont, TX, 305 F.3d 343, 347-48 (5th Cir. 2002). Martinez's Suspension Clause argument was not raised below and is without merit. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999).

Accordingly, the district court's dismissal of Martinez's petition is AFFIRMED.