Don Ameche RHEW, Petitioner,

v.

Theodis BECK, Secretary of the North Carolina Department of Correction, Respondent.

No. 1:04CV00340.

United States District Court, M.D. North Carolina.

Dec. 21, 2004.

Don Rhew, Yanceyville, NC, pro se.

Clarence Joe Delforge, III, N.C. Department of Justice, Raleigh, NC, for Defendant.

## ORDER

OSTEEN, District Judge.

On November 16, 2004, the United States Magistrate Judge's Recommendation was filed and notice was served on the parties pursuant to 28 U.S.C. § 636. Petitioner filed objections within the time limit prescribed by Section 636.

The Court has reviewed petitioner's objections *de novo* and finds they do not change the substance of the United States Magistrate Judge's rulings which are affirmed and adopted.

**IT IS THEREFORE ORDERED** that the petition for habeas corpus (docket no. 1) is denied, that respondent's motion for summary judgment (docket no. 4) is granted, that petitioner's motion to grant habeas corpus (docket no. 10) is denied, that this action is dismissed, and that finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is denied.

## RECOMMENDATION OF MAGISTRATE JUDGE ELIASON

ELIASON, United States Magistrate Judge.

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 8, 1999, petitioner was convicted by a jury of assault with a deadly weapon with intent to kill inflicting serious injury in case 97 CRS 36078. He was then sentenced to 80–105 months of imprisonment. Petitioner appealed his conviction, but this appeal was denied by the North Carolina Court of Appeals, with the North Carolina

Supreme Court denying discretionary review on January 31, 2002. Petitioner took no further action in his case until he brought a *pro se* motion for appropriate relief dated December 9, 2003 and filed in state court on December 11, 2003. When this was denied, petitioner made a futile attempt at receiving certiorari from the North Carolina Court of Appeals. Petitioner then turned to this Court for relief by submitting his petition for habeas corpus on March 31, 2004.

### Petitioner's Claim

Petitioner's only claim is that his rights were violated when the person he was accused of shooting testified that he was shot in the back of the head, not the front. Petitioner contends that a medical report shows that the man was shot in the front of his head. Petitioner claims that the testimony constituted perjury and that it was the result of coaching by the prosecutor. Respondent has now moved for summary judgment on this claim, while petitioner has made a motion for the Court to grant habeas corpus relief.

### Discussion

Respondent first requests dismissal on the ground that the petition was filed[1] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104–132 ("AEDPA"). 28 U.S.C. § 2244(d)(1). This limitation period applies to all Section 2254 petitions filed after its effective date of April 24, 1996. *Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Interpretations of the limitation periods found in 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one anoth-

---

1. A Section 2254 petition is filed by a prisoner when the petition is delivered to prison au-

thorities for mailing. *Adams v. United States,* 173 F.3d 1339, 1341 (11th Cir.1999).

er. *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir.1999). The limitation period starts running from the date when the judgment of conviction became final at the end of direct review. *Harris v. Hutchinson,* 209 F.3d 325 (4th Cir.2000). Finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time to file such a petition. *Hill v. Braxton,* 277 F.3d 701, 704 (4th Cir.2002); *see United States v. Segers,* 271 F.3d 181 (4th Cir.2001), *cert. denied,* 535 U.S. 943, 122 S.Ct. 1331, 152 L.Ed.2d 237 (2002)(federal conviction).

▪ In the present case, petitioner did seek direct review of his conviction. The last decision on direct review was the North Carolina Supreme Court's decision on January 31, 2002. Petitioner then had 90 days to file a petition for certiorari from the United States Supreme Court. Because he did not do so, his conviction became final on May 2, 2002, the day that time period expired. Accordingly, he had one year, or until May 2, 2003, to bring his habeas petition in this Court. He clearly did not do so and his petition is time barred.

▪ It is worth noting that the one-year limitation period is tolled while state post-conviction proceedings are pending. *Harris, supra.* The suspension is for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." *Taylor v. Lee,* 186 F.3d 557, 561 (4th Cir.1999), *cert. denied,* 528 U.S. 1197, 120 S.Ct. 1262, 146 L.Ed.2d 117 (2000). However, the tolling does not include the time to file a certiorari petition to the United States Supreme Court from

denial of state post-conviction relief. *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999), *cert. denied,* 529 U.S. 1099, 120 S.Ct. 1834, 146 L.Ed.2d 777 (2000).

▪ Unfortunately for petitioner, he did not file any motions seeking collateral relief in the state courts until December of 2003—well after the one-year limitation period had already expired. Such motions do not renew the time period for filing a habeas petition. *Minter v. Beck,* 230 F.3d 663 (4th Cir.2000). Therefore, none of petitioner's state court motions for collateral review prevent his petition from being time-barred.

The last possibility for petitioner is equitable tolling. The Fourth Circuit, as well as a number of courts, have held that the one-year limitation period is subject to equitable tolling. *Harris, supra; Sandvik,* 177 F.3d at 1271 (collecting cases). Equitable tolling may apply when the defendant has been unable to assert claims because of wrongful conduct of the state or its officers. A second exception is when there are extraordinary circumstances, such as events which were both beyond the prisoner's control and unavoidable even with due diligence. *Harris, supra; Akins v. United States,* 204 F.3d 1086 (11th Cir.), *cert. denied,* 531 U.S. 971, 121 S.Ct. 410, 148 L.Ed.2d 316 (2000). Circumstances are beyond a prisoner's control if he has been prevented in some extraordinary way from exercising his rights. *See Smith v. McGinnis,* 208 F.3d 13 (2d Cir.), *cert. denied,* 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000). This might occur where a prisoner is actively misled or otherwise prevented in some extraordinary way from exercising his rights. *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S.Ct. 1564, 146 L.Ed.2d 467 (2000). On the other hand, unfamiliarity with the legal process, lack of representation, or illitera-

cy does not constitute grounds for equitable tolling. *Harris, supra; Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir.), *cert. denied,* 528 U.S. 1007, 120 S.Ct. 504, 145 L.Ed.2d 389 (1999). Likewise, mistake of counsel does not serve as a ground for equitable tolling. *Taliani v. Chrans,* 189 F.3d 597 (7th Cir.1999); *Sandvik,* 177 F.3d 1269. Nor are prison conditions, such as lockdowns or misplacement of legal papers, normally grounds for equitable tolling. *Akins,* 204 F.3d 1086. Finally, in order to show diligence, the prisoner must show diligence not merely at the federal level, but throughout the entire post-conviction process in order to have equitable tolling available to him. *Coleman,* 184 F.3d at 402.

■ Here, petitioner makes only general arguments aimed at equitable tolling. None have merit. In his response, he mentions a disparity between his legal resources and those of the State. However, *Harris* and *Turner* make it clear that this is not the sort of allegation that can lead to equitable tolling. Petitioner places blame on North Carolina Prisoner Legal Services for taking more than a year to decide whether or not it will help a prisoner with a case. This Court has refused to find equitable tolling based on such arguments in the past and does so again in this case. *See, e.g., Dockery v. Beck,* No. 1:02CV00070 (M.D.N.C. June 19, 2002) (unpublished) (recommendation of the undersigned, later adopted on August 1, 2002). Such a claim is similar to the mistake or lack of counsel arguments foreclosed by *Taliani* and *Harris.* Moreover, petitioner was obviously capable of filing his claims himself given that he later did so without the aid of Prisoner Legal Services. He gives no reason for not doing so within AEDPA's time limits. His petition is barred, respondent is entitled to summary judgment, and petitioner's motion to grant habeas corpus should be denied.

**IT IS THEREFORE RECOMMENDED** that the petition for habeas corpus (docket no. 1) be denied, that respondent's motion for summary judgment (docket no. 4) be granted, that petitioner's motion to grant habeas corpus (docket no. 10) be denied, and that Judgment be entered dismissing this action.

November 16, 2004.