SUMMARY ORDER
Plaintiff appeals the decision granting Defendants’ motion for summary judgment on her employment discrimination claim pursuant to the Age Discrimination in Employment Act (“ADEA”), 29 U.S.C. § 621 et seq. Plaintiff also challenges the district court’s separate dismissal of her state-law defamation claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedui’e, as well as the court’s subsequent denial of her motion for leave to amend the complaint. We presume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
With respect to Plaintiffs age discrimination claim, a district court’s order granting summary judgment is reviewed de novo, and all reasonable inferences are drawn in favor of the non-movant, Ms. Wellesley. See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir.2003). In this Circuit, ADEA claims are evaluated under the three-step burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). See, *663 e.g., D’Cunha v. Genovese/Eckerd Corp., 479 F.3d 193, 194-95 (2d Cir.2007) (per curiam). To prevail on such a claim, the plaintiff must establish by a preponderance of the evidence that age discrimination was the “but-for” cause of the challenged adverse employment action. Gross v. FBL Fin. Servs., Inc., — U.S. -, 129 S.Ct. 2343, 2351, 174 L.Ed.2d 119 (2009).
The district court properly applied the legal standards governing the ADEA claim. Assuming, arguendo, that Plaintiff established a prima facie case of age discrimination, Defendants articulated legitimate, non-discriminatory reasons for her termination. Defendants’ proffered explanations were supported by, inter alia, Plaintiffs admission that she was often tardy to work, and evidence that she fell asleep at her desk while at the office. Put simply, Plaintiff provided no evidence to support her conclusory assertions that Defendants’ explanations were pretextual. Consistent with that conclusion, the record lacks evidence from which a fact finder could conclude that age-related animus was the “but-for” cause of Plaintiffs termination. See id. at 2351. Accordingly, the district court’s grant of summary judgment on Plaintiffs ADEA claim is affirmed.
Turning to Plaintiffs New York law based defamation claim, this Court reviews de novo the application of the relevant statute of limitations. See, e.g., Somoza v. New York City Dep’t of Educ., 538 F.3d 106, 112 (2d Cir.2008). The eomplained-of conduct occurred on July 5, 2005; Plaintiffs complaint was not received by the district court’s Pro Se Office until July 10, 2006. Therefore, the one-year limitations period set forth in section 215(3) of New York’s Civil Practice Law and Rules bars Plaintiffs defamation claim.
Lastly, the district court’s decisions regarding Plaintiffs equitable tolling arguments and her motion for leave to amend the complaint are reviewed for abuse of discretion. See United States v. All Funds Distributed To, or on Behalf of, Weiss, 345 F.3d 49, 54 (2d Cir.2003); Pangburn v. Culbertson, 200 F.3d 65, 70 (2d Cir.1999). “Equitable tolling applies only in the ‘rare and exceptional circumstance[ ].’ ” Smith v. McGinnis, 208 F.3d 13, 18 (2d Cir.2000) (alteration in original) (quoting Turner v. Johnson, 177 F.3d 390, 391-92 (5th Cir.1999)). The district court was well within the bounds of its discretion when it declined to toll the statute of limitations on Plaintiffs defamation claim. Moreover, the decision to deny as futile Plaintiffs proposed amendment to the complaint was legally sound and supported by the record.
The Court has reviewed Plaintiffs remaining arguments and finds them to be without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.