# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 26, 2012

No. 12-10261
Summary Calendar

Lyle W. Cayce
Clerk

TAURUS D. BAKER,

Petitioner-Appellant

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL; KAREN EDENFIELD,
Warden,

Respondents-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 1:12-CV-8

Before SMITH, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Taurus D. Baker, federal prisoner # 11592-017, is serving the 292-month
prison sentence imposed pursuant to his convictions of offenses involving crack
cocaine and firearms. He now appeals the district court's dismissal for want of
jurisdiction of his 28 U.S.C. § 2241 petition.

We conduct a de novo review of the district court's dismissal. *See Kinder
v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000). Baker contends that the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 12-10261

Antiterrorism and Effective Death Penalty Act violates the Suspension Clause, that Florida is not a state for purposes of the Controlled Substances Act and the Tenth Amendment, that the 28 U.S.C. § 2255 remedy is inadequate or ineffective to test the legality of his detention, and that he should be permitted to proceed under § 2241 pursuant to *Bond v. United States*, 131 S. Ct. 2355 (2011).

These arguments are unavailing. Baker's suspension-of-the-writ argument lacks merit. *See Felker v. Turpin*, 518 U.S. 651, 664 (1996); *Turner v. Johnson*, 177 F.3d 390, 392-93 & n.1 (5th Cir. 1999). Because Baker's claims arose at or before sentencing, his suit is properly construed as arising under § 2255. *See Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). Baker has not shown that *Bond* is retroactively applicable or that it establishes his conviction of a nonexistent offense. *See id.* at 904; § 2255(e). Consequently, he has not shown that he should be permitted to proceed with a § 2241 petition under the savings clause found in § 2255(e). The district court did not err when it concluded that Bond's suit was best considered a § 2255 motion over which it lacked jurisdiction. *See Reyes-Requena*, 243 F.3d at 901; *Pack v. Yusuff*, 218 F.3d 448, 451, 455 (5th Cir. 2000); § 2255(a).

AFFIRMED.