Franklin v. State of New York

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of May, two thousand sixteen.

PRESENT: AMALYA L. KEARSE,
         DENNIS JACOBS,
         BARRINGTON D. PARKER,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

STEVEN FRANKLIN,
         Petitioner-Appellant,

         -v.-                                          15-1884

STATE OF NEW YORK,
         Respondent-Appellee.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          JOHN S. WALLENSTEIN, LAW OFFICE OF JOHN S. WALLENSTEIN, Garden City, New York.

FOR APPELLEE:           JODI L. MANDEL (with Leonard Joblove and Anthea H. Bruffee on the brief) for Kenneth P. Thompson, District Attorney of

Kings County, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Weinstein, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Steven Franklin appeals from the judgment of the United States District Court for the Eastern District of New York (Weinstein, J.), dismissing his habeas corpus petition as time-barred. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. Franklin argues that he is entitled to equitable tolling. A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "Equitable tolling applies only in the 'rare and exceptional circumstance[].'" Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (alteration in original) (quoting Turner v. Johnson, 177 F.3d 390, 391-92 (5th Cir. 1999)). No record evidence supports Franklin's assertion that an extraordinary circumstance prevented him from timely filing his petition; Franklin's contention that he suffered from mental illness is belied by his ability to draft, during the operative time period, a motion to vacate the judgment in state court, and diligently study for his GED exam.

For the foregoing reasons, and finding no merit in Franklin's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK