Micheal WYZYKOWSKI, Petitioner-Appellant,

v.

DEPARTMENT OF CORRECTIONS, Harry K. Singletary, Attorney General, Robert Butterworth, Respondents-Appellees.

No. 98-4971.

United States Court of Appeals,

Eleventh Circuit.

Sept. 11, 2000.

Appeal from the United States District Court for the Southern District of Florida.(No. 97-08585-CV-WDF), Wilkie D. Ferguson, Jr., Judge.

Before ANDERSON, Chief Judge, and DUBINA and SMITH[*], Circuit Judges.

ANDERSON, Chief Judge:

Micheal Wyzykowski appeals the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated below, we vacate and remand.

## I. BACKGROUND

In 1992 Wyzykowski was charged with the first degree murder of Fred Butterworth and the attempted burglary of shoes from the victim's dwelling. After pleading guilty to second degree murder in 15th Judicial Circuit Court, Palm Beach County, Florida, pursuant to a negotiated plea agreement, Wyzykowski was convicted and sentenced to twenty-three years imprisonment. Wyzykowski did not file a direct appeal or pursue state collateral relief.

In July 1997, Wyzykowski filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He claimed that he was denied his Sixth Amendment right to effective assistance of counsel. In particular, he claimed that his counsel failed to investigate the case properly before advising him to plead guilty to second degree murder. In addition, Wyzykowski claimed that he was actually innocent of second degree murder because the victim actually started the fight with him; of first degree premeditated murder

[*]Honorable Edward S. Smith, U.S. Circuit Judge for the Federal Circuit, sitting by designation.

because he was too intoxicated to form the requisite intent and again because the victim started the fight; of first degree felony-murder because he was not guilty of attempted burglary; and of attempted burglary because the shoes he allegedly attempted to burgle were actually his own shoes, he lacked the capacity due to intoxication to form the requisite specific intent for burglary, and there is no evidence that he entered the dwelling to commit a crime. The new evidence for these claims is Wyzykowski's detailed statements regarding the events that led to Butterworth's death.

Wyzykowski explained that he pleaded guilty at the tearful urging of his appointed defense counsel, who indicated, on the eve of trial, that she was not prepared to try the case and that she would withdraw if he did not change his plea. Wyzykowski also contended that his counsel informed him that it made no difference that Buttersworth attempted to take his shoes, that "the indictment nullified all defenses," and that if he proceeded to trial he would surely be found guilty and, even if the State did not seek the death penalty, the judge would still sentence him to death. He claimed that had he had effective assistance of counsel he would have been able to prove that he was innocent of the crimes with which he was charged and the crime to which he pleaded guilty.

On August 25, 1997, the magistrate judge issued the usual show cause order, ordering a response to Wyzykowski's petition. The State responded, asserting that the claim was time-barred. However, the State did not file the record of the state court proceedings. *See* Rule 5, Rules Governing § 2254 Cases. On April 21, 1998, a magistrate judge issued a report, noting in passing that petitioner failed to exhaust his claims in state court, but recommending that the petition be dismissed for failure to comply with the one-year limitation period for habeas corpus petitions enacted by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, codified as amended at 28 U.S.C. § 2244(d). On May 28, 1998, the district court dismissed the petition as time-barred.

On July 6, 1998, the district court granted a certificate of appealability on the following issue:

Whether the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214, codified as amended at 28 U.S.C. § 2244(d), as applied to Petitioner is an unconstitutional suspension of the Writ of Habeas Corpus in violation of the United States Constitution Article I, Section 9, clause 2.

Accordingly, Wyzykowski appeals on this issue.

## II. DISCUSSION

We review the district court's dismissal of Wyzykowski's petition *de novo* because this issue is solely one of law. *See Sandvik v.. United States,* 177 F.3d 1269, 1271 (11th Cir.1999) (*per curiam* ).

Wyzykowski concedes that his federal habeas corpus petition was not filed within the one-year limitation period established by AEDPA, but argues that this limitation period constitutes an unconstitutional suspension of habeas relief or that an "actual innocence" exception to the one-year limitation period must be read into the statute to avoid rendering the habeas remedy "inadequate and ineffective" and violating the Suspension Clause of the Constitution.

The Suspension Clause provides: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. Despite this constitutional restriction, the "judgments about the proper scope of the writ are 'normally for Congress to make.' " *Felker v. Turpin,* 518 U.S. 651, 664, 116 S.Ct. 2333, 2340, 135 L.Ed.2d 827 (1996) (quoting *Lonchar v. Thomas,* 517 U.S. 314, 323, 116 S.Ct. 1293, 1298, 134 L.Ed.2d 440 (1996)). In *Swain v. Pressley,* 430 U.S. 372, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977), the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." *Id.* at 381, 116 S.Ct. at 1230. We thus consider whether § 2244(d)'s limitation period renders the remedy inadequate or ineffective to test the legality of a person's detention.

The "substitution" at issue here is of collateral relief with a one-year limitation period for collateral relief without a limitation period. In particular, § 2244(d)(1) now provides:

A 1-year period of limitation shall apply to any application for writ of habeas corpus by person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment of filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was

prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Prior to the addition of this limitation period, the only time limitation was provided by Rule 9(a), Rules Governing § 2254 Cases, which permits dismissing a § 2254 habeas petition "if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred."[1] Section 2244(d)(1), in contrast, provides for a one-year limitation period and does not require a showing that the state was prejudiced. However, it does resemble Rule 9 by not beginning the one-year period until the "factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). In addition, in the event of illegal state action preventing the petitioner from filing, the limitation period does not begin until after the state impediment is removed. *See* 28 U.S.C. § 2244(d)(1)(B). Also in the event that the Supreme Court newly recognizes a constitutional right and makes it retroactively applicable to cases on collateral review, the limitation provision permits filing a petition asserting such a right for a year after the initial recognition of the right. *See* 28 U.S.C. § 2244(d)(1)(C). Moreover, "[section 2244] permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.' " *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir.2000)(quoting *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th

---

[1]We note that in *Lonchar v. Thomas,* 517 U.S. 314, 116 S.Ct. 1293, 134 L.Ed.2d 440 (1996), the Supreme Court vacated a decision of this Court which dismissed a first habeas petition for "special ad hoc 'equitable' reasons not encompassed within the framework of Rule 9," in particular, that petitioner had waited almost six years, and until the last minute, to file a federal habeas petition. *Id.* at 322, 116 S.Ct. at 1298. The Supreme Court held that such a petition is governed by the Habeas Corpus Rules, not by generalized equitable considerations. *See id.* at 332, 116 S.Ct. at 1303. Thus, it is clear that Rule 9, rather than any equitable doctrine, provided the only form of "time limitation" for first federal habeas petitions prior to the enactment of AEDPA.

Cir.1999) (*per curiam* )).[2]

Every court which has addressed the issue—*i.e.,* whether, as a general matter, § 2244(d) constitutes

an unconstitutional suspension of the writ—has concluded that it does not.[3] The Supreme Court has not

directly addressed the issue in the context of a first federal habeas corpus petition. However, in *Felker v.*

---

[2]This is consistent with what our sister circuits have held. *See Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir.2000) (stating that the limitation period for filing habeas petitions may be equitable tolled in extraordinary circumstances); *Miller v. New Jersey Dep't of Corrections,* 145 F.3d 616, 618 (3d Cir.1998) (holding that § 2244(d)'s limitation period can be equitably tolled in extraordinary circumstances); *Harris v. Hutchinson,* 209 F.3d 325, 329-30 (4th Cir.2000) (concluding that § 2244(d) is subject to equitable tolling, at least in principle); *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir.1998) (holding that § 2244(d)'s limitation period can be equitably tolled in "rare and exceptional circumstances"), *cert. denied,* 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999); *Calderon v. United States Dist. Ct.,* 163 F.3d 530, 541 (9th Cir.1998) (*en banc* ) ("[Section] 2244(d)(1) can be tolled if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.") (internal quotation marks omitted), *cert. denied,* 526 U.S. 1060, 119 S.Ct. 1377, 143 L.Ed.2d 535 (1999); *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.) ("It must be remembered that § 2244(d) is not jurisdictional and as a limitation may be subject to equitable tolling."), *cert. denied,* 525 U.S. 891, 119 S.Ct. 210, 142 L.Ed.2d 173 (1998).

[3]*See Lucidore v. New York State Division of Parole,* 209 F.3d 107, 113 (2d Cir.2000) (rejecting facial challenge to AEDPA's statute of limitation because it leaves petitioners with some reasonable opportunity to have their claims heard on the merits and, therefore, "the limitations period does not render the habeas remedy 'inadequate or ineffective to test the legality of detention,' and therefore does not *per se* constitute an unconstitutional suspension of the writ."), *petition for cert. filed,* 69 U.S.L.W. 3086 (Jul. 5, 2000); *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.) (holding that, where petitioner does not contend he is actually innocent, the limitation period does not render the habeas remedy inadequate and ineffective), *cert. denied,* 525 U.S. 891, 119 S.Ct. 210, 142 L.Ed.2d 173 (1998); *Molo v. Johnson,* 207 F.3d 773, 775 (5th Cir.2000) (*per curiam* ) ("The 1-year limitations period of the AEDPA does not violate the Suspension Clause unless it renders the habeas remedy inadequate or ineffective to test the legality of detention. Molo [who failed to show factual innocence] has not shown how the limitations period made the habeas remedy inadequate or ineffective for him, since nothing prevented him from filing a petition before the limitations period expired.") (internal quotation marks and footnote omitted); *Turner v. Johnson,* 177 F.3d 390, 392-393 (5th Cir.) (*per curiam* ) ("Turner cannot show that the limitations period has rendered his habeas remedy inadequate or ineffective. We therefore reject Turner's claim that § 2244 is unconstitutional."), *cert. denied,* --- U.S. ----, 120 S.Ct. 504, 145 L.Ed.2d 389 (1999); *Davis v. Bumgarner,* 201 F.3d 435 (Table) (4th Cir.1999) (*per curiam* ) (unpublished disposition) ("[T]he limitations period for § 2254 petitions in 28 U.S.C.A. § 2244(d) (West Supp.1999) does not violate the Suspension Clause of the Constitution."); *Hampton v. Madding,* --- F.3d ---- (Table), No. 99-17168 (9th Cir. June 21, 2000) (mem.) (unpublished disposition) (rejecting argument that § 2244(d) violates the Suspension Clause where petitioner has not made a showing of actual innocence); *Thomas v. Straub,* 10 F.Supp.2d 834 (E.D.Mich.1998) (rejecting Suspension Clause challenge to limitation period where petitioner does not fit within the actual innocence exception, if such an exception exists); *cf. Weaver v. United States,* 195 F.3d 123, 123 (2d Cir.1999) ("We hold that the application of the limitations period in 28 U.S.C. § 2255 to dismiss a first motion for relief under § 2255 does not *per se* violate the Suspension Clause of the federal Constitution"), *cert. denied,* --- U.S. ----, 120 S.Ct. 1733, 146 L.Ed.2d 653 (2000).

*Turpin,* 518 U.S. 651, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996), the Court held that AEDPA's restrictions on successive petitions "do not amount to a 'suspension' of the writ." *Id.* at 664, 116 S.Ct. at 2340. In so holding, the Court noted that restrictions on the scope of the writ, like the doctrine of abuse of the writ, are " 'a complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions.' " *Id.* (quoting *McCleskey v. Zant,* 499 U.S. 467, 489, 111 S.Ct. 1454, 1467, 113 L.Ed.2d 517 (1991)). The Court held that "judgments about the proper scope of the writ are 'normally for Congress to make.' '" *Id.* (quoting *Lonchar,* 517 U.S. at 323, 116 S.Ct. at 1298).

In light of the above mentioned exceptions to the one-year limitations period, and in light of the foregoing precedent, we readily conclude that, as a general matter, the § 2244(d) limitation period does not render the collateral relief ineffective or inadequate to test the legality of detention, and therefore is not an unconstitutional suspension of the writ of habeas corpus.

Having concluded that § 2244(d) does not *per se* constitute an unconstitutional suspension, we turn to Wyzykowski's argument that the limitation period unconstitutionally suspends habeas relief where the petitioner shows actual innocence and, therefore, an actual innocence exception must be read into the provision. In other words, absent an exception for actual innocence, he contends, § 2244(d) works an unconstitutional suspension of the writ of habeas corpus when applied to him. Wyzykowski claims that he is actually innocent of second degree murder, the crime to which he pleaded guilty, and of first degree murder and burglary, the crimes initially charged but dropped pursuant to the plea agreement. He contends his new evidence, in particular his own testimony, establishes that he was actually innocent of these crimes.

Wyzykowski's argument raises a troubling and difficult constitutional question. Where the petitioner can show actual innocence and § 2244(d)'s limitation period has expired, does the bar to filing a first federal petition constitute an unconstitutional suspension of the writ of habeas corpus? The question raises concerns because of the inherent injustice that results from the conviction of an innocent person,[4] and the technological

---

[4]*See Schlup v. Delo,* 513 U.S. 298, 325, 115 S.Ct. 851, 866, 130 L.Ed.2d 808 (1995) ("Indeed, concern about the injustice that results from the conviction of an innocent person has long been at the core of our criminal justice system.").

advances that can provide compelling evidence of a person's innocence.[5]  The courts faced with Suspension

Clause challenges to § 2244(d) have been able to avoid deciding the difficult constitutional issue of whether

the clause requires an exception to § 2244(d) for actual innocence because the petitioners were unable to

make a showing of actual innocence.  *See Lucidore v. New York State Division of Parole,* 209 F.3d 107 (2d

Cir.2000).[6]

In the instant case, neither the magistrate judge nor the district court addressed Wyzykowski's claims

of actual innocence.  We agree with the Second Circuit that the factual issue of whether the petitioner can

make a showing of actual innocence should be first addressed, before addressing the constitutional issue of

whether the Suspension Clause requires such an exception for actual innocence.  " 'If there is one doctrine

more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass

on questions of constitutionality ... unless such adjudication is unavoidable.' "  *New York City Transit. Auth.*

---

[5]*See* "Confronting the New Challenges of Scientific Evidence:  DNA Evidence and the Criminal Defense," 108 Harv.L.Rev. 1557, 1571-82 (1995) (discussing use of DNA evidence in the post-conviction context);  Cynthia Bryant, "When One Man's DNA Is Another Man's Exonerating Evidence," 33 Colum. J.L. & Soc. Probs. 113, 117-34 (2000) (discussing DNA evidence and its use in postconviction claims of actual innocence, and noting that "[p]ostconviction DNA testing has resulted in the release of sixty-five inmates from prison");  Jim Dwyer *et al., Actual Innocence:  Five Days to Execution and Other Dispatches from the Wrongly Convicted* (2000) (detailing ten cases of convicted defendants ultimately released due to discovery of evidence of their actual innocence).

[6]*See, e.g., Lucidore,* 209 F.3d at 113 (holding that because petitioner failed to demonstrate actual innocence, the question of whether the Constitution requires an "actual innocence" exception to AEDPA's statute of limitations need not be reached);  *see also Miller,* 141 F.3d at 978 (holding that, where petitioner does not contend he is actually innocent, the limitation period does not render the habeas remedy inadequate and ineffective, but noting that there may be circumstances—for example a constitutional violation has resulted in the conviction of one who is actually innocent—where the limitation period "at least raises serious constitutional questions and possibly renders the habeas remedy inadequate and ineffective");  *Molo,* 207 F.3d at 775 ("Without deciding whether proof of factual innocence would toll the limitations period, we find that Molo does not show that he was factually innocent.");  *Thomas,* 10 F.Supp.2d at 834 (E.D.Mich.1998) (rejecting Suspension Clause challenge to limitation period where petitioner does not fit within the actual innocence exception, if such an exception exists);  *Rodriguez v. Artuz,* 990 F.Supp. 275, 283 (S.D.N.Y.) ("[A]t least where no claim of actual or legal innocence has been raised, as long as the procedural limits on habeas leave petitioners with some reasonable opportunity to have their claims heard on the merits, the limits do not render habeas inadequate or ineffective to test the legality of detention and, therefore, do not constitute a suspension of the writ in violation of Article I of the United States Constitution."), *aff'd,* 161 F.3d 763 (2d Cir.1998) (*per curiam* ) (affirming "for substantially the reasons stated by the district court");  *accord Rashid v. Khulmann,* 991 F.Supp. 254, 260 n. 3 (S.D.N.Y.1998).

*v. Beazer,* 440 U.S. 568, 582, 99 S.Ct. 1355, 1364, 59 L.Ed.2d 587 (1979) (quoting *Spector Motor Service v. McLaughlin,* 323 U.S. 101, 105, 65 S.Ct. 152, 154, 89 L.Ed. 101 (1944)). For example, " 'constitutional issues affecting legislation will not be determined ... at the instance of one who fails to show that he is injured by the statute's operation." ' *Id.* at 583 n. 22, 99 S.Ct. at 1364 n. 22 (quoting *Rescue Army v. Municipal Court,* 331 U.S. 549, 568-69, 67 S.Ct. 1409, 1419-20, 91 L.Ed. 1666 (1947)); *see Ashwander v. Tennessee Valley Auth.,* 297 U.S. 288, 347, 56 S.Ct. 466, 482, 80 L.Ed. 688 (1936) (Brandeis, J., concurring).

For several reasons, we decline to address the factual issue whether Wyzykowski can make a showing of actual innocence, preferring that the district court do so in the first instance. First, as noted above, the State did not file in the district court the record of the state court proceedings, and thus there is a complete absence in the record on appeal concerning whether Wyzykowski could make a showing of actual innocence. Although it is represented to us that Wyzykowski entered a guilty plea, we do not have the benefit of any record evidence with respect thereto; for example, we do not have access to the plea colloquy.[7] Second, in any event, such factual determinations are best made in the first instance by the district court. Indeed, if on remand, the district court determines that Wyzykowski has made a showing of actual innocence, we would prefer to have the benefit of the district court's legal analysis of the difficult Suspension Clause issue before tackling same ourselves. Accordingly, we remand to the district court.[8]

### III. CONCLUSION

For the foregoing reasons, we vacate the dismissal and remand to the district court for further proceedings not inconsistent with this opinion.

---

[7]Accordingly, we make no ruling on issues relating to the effect of the guilty plea. *See Bousley v. United States,* 523 U.S. 614, 623-24, 118 S.Ct. 1604, 1611-12, 140 L.Ed.2d 828 (1998).

[8]We note that Wyzykowski did not file a direct appeal or any collateral challenge in state court. In the district court, the State raised the issue of Wyzykowski's failure to exhaust his claims. However, the State asserted that it would be futile for Wyzykowski to present his claims in state court because of the two-year statute of limitations in Fla.R.Crim. P. 3.850(b). For the first time at oral argument before this panel, the State suggested that there may be an exception to the two-year statute of limitations in the Rule 3.850(b) in the case of actual innocence. The State suggested that a dismissal without prejudice for lack of exhaustion might be appropriate, whereby the state court rather than the federal court would address the factual issue of actual innocence in the first instance. Again, we decline to address issues relating to exhaustion, preferring that they be addressed in the first instance by the district court if appropriate.

VACATED and REMANDED.

DUBINA, Circuit Judge, concurring specially:

I concur in Chief Judge Anderson's well-reasoned opinion for the court. I write specially simply to point out that on remand, I doubt the petitioner will be able to present sufficient evidence to demonstrate "actual innocence." Based on my experiences as a former trial judge, I find petitioner's conclusory allegations of "actual innocence" to be totally inconsistent with what occurs at a guilty plea. Moreover, it is troubling to me that petitioner waited over five years after his conviction to file his federal habeas petition. This delay is inconsistent with a claim of actual innocence.

Nevertheless, I agree with Chief Judge Anderson that this record is not developed sufficiently for us to make these factual findings in the first instance. That is a function of the district court.