Belinda Renee BRYANT, UNITED
STATES ex rel., Plaintiff—
Appellant,

v.

WARDEN, FCI, Defendant—Appellee.

Docket No. 99–2749.

United States Court of Appeals,
Second Circuit.

Sept. 3, 2002.

Cheryl J. Sturm, Attorney-at-law, West-
town, Pennsylvania, for Appellant.

Carolyn A. Ikari, Assistant United
States Attorney, Hartford, Connecticut,
for Appellee.

Present: F.I. PARKER, STRAUB, and
SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS
HEREBY ORDERED, ADJUDGED
AND DECREED that the decision of said
district court be and it hereby is AF-
FIRMED in part, VACATED in part, and
REMANDED with instructions.

Petitioner-appellant Belinda Renee
Bryant appeals from the November 2, 1999
endorsement order of the United States
District Court for the District of Connecti-
cut (Warren W. Eginton, *Judge*) granting
Bryant's Motion for Reconsideration pur-
suant to Federal Rule of Civil Procedure
60(b) and adhering to its August 31, 1999
Ruling dismissing Bryant's 28 U.S.C.
§ 2241 Petition for Writ of Habeas Cor-
pus.

According to Bryant's Petition and her
accompanying Memorandum of Law, she
pleaded guilty on November 13, 1995 in
the United States District Court for the
Eastern District of North Carolina to vio-

lations of 21 U.S.C. § 846 (conspiracy to possess with intent to distribute cocaine, cocaine base, and marijuana) and 18 U.S.C. § 924(c) (using or carrying a firearm in relation to a drug trafficking crime). Appellant's Appendix ("AA") at 9. Prior to the entry of her guilty plea, Bryant executed a plea agreement waiving her right to appeal except with regard to an upward departure of her sentence or ineffective assistance of counsel. AA at 9–10.

Section 924(c) imposes penalties on a defendant who "during and in relation to any crime of violence or drug trafficking crime . . ., uses or carries a firearm." 18 U.S.C. § 924(c) (1995). Less than a month after Bryant's guilty plea but before she was sentenced, the Supreme Court decided *Bailey v. United States,* 516 U.S. 137, 143, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), holding that the term "use" in § 924(c) does not extend to a defendant's mere possession of a firearm but rather signifies her "active employment" of it.[1]

On March 12, 1996, Bryant was sentenced to two-hundred thirty-five months' imprisonment on the conspiracy count and to sixty months' imprisonment on the firearm count. AA at 11.

According to Bryant, after her counsel failed to file a notice of appeal, she filed one *pro se* and out-of-time on April 17, 1996. AA at 6, 11. On May 2, 1996, Bryant's counsel moved for leave to file the appeal out-of-time, which the district court granted on May 13, 1996. On May 14, 1996, however, Bryant's counsel, with Bryant's consent, moved for voluntary dismissal pursuant to Federal Rule of Appellate Procedure 42(b), which was granted on May 29, 1996. AA at 11.

Bryant states that although her counsel drafted a motion pursuant to 28 U.S.C.

§ 2255 to attack her conviction and sentence for violating § 924(c), Bryant wanted also to attack her conviction and sentence on the conspiracy count and that the disagreement between Bryant and her counsel over the breadth of her challenge left her without representation. AA at 11.

On October 14, 1997, Bryant, *pro se,* filed a letter requesting an extension of time in which to file a § 2255 motion. AA at 6 fn.1. She states that the Government did not oppose the extension but that the district court nevertheless denied her request on November 14, 1997. AA at 11.

On November 12, 1998, Bryant, who is presently incarcerated at the Federal Correctional Institute in Danbury, Connecticut, filed with the aid of counsel the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Connecticut. Bryant contended that her detention was in violation of the Constitution because in her conviction she had been denied her rights to effective assistance of counsel and due process.

Specifically, Bryant argued that her trial counsel was ineffective because he failed to move under Federal Rule of Criminal Procedure 32(e) after *Bailey* was decided to withdraw her guilty plea to the § 924(c) count, despite the fact that her conviction was based on a "use" theory without evidence of active employment. AA at 6. She further contended that her counsel failed to move to withdraw her guilty plea on the ground that she stated during her plea colloquy that she was under the influence of drugs, failed to attack her sentence based on drug quantity, and failed to file a notice of appeal to allow Bryant to raise various issues, including that her guilty

---

1. Congress amended 18 U.S.C. § 924(c) in 1998 to cover possessing as well as using and carrying a firearm. *See* Pub. L. No. 105–386 § 1(a)(1), November 13, 1998, 112 Stat. 3469.

plea was not knowing, intelligent, and voluntary. AA at 6.

Bryant also argued that the magnitude of her sentence was in violation of due process because she had been "convicted and sentenced for violating 924(c) on a 'use' theory without any evidence of active deployment." AA at 6. She further contended that her sentence was based on the "crack" sentencing guidelines without sufficient proof that crack was involved in her offense, that the drug quantity was improperly based on information supplied by an informant who was given something of value for his information, that the Government breached its duty of good faith when it failed to file a 5K1.1/3553(e) departure motion, and that her guilty plea was involuntary due to her having been under the influence of drugs when it was taken. AA at 6.

Finally, Bryant justified her § 2241 Petition on the ground that a § 2255 motion would be inadequate and ineffective to test the legality of her detention, citing *Triestman v. United States*, 124 F.3d 361 (2d Cir.1997). AA at 7, 22.

The Government moved to have Bryant's petition dismissed for improper venue or transferred. AA at 24. The Government asserted that Bryant's § 2241 petition was really a § 2255 motion in disguise and should have been filed in the Eastern District of North Carolina where Bryant was convicted. AA at 27–29. By petitioning under § 2241, the Government contended, Bryant was attempting to make an end run around the one-year period of limitation added to § 2255 by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104–132, 110 Stat. 1214. AA at 29. Furthermore, the Government argued, Bryant faced no bar to filing a § 2255 motion that would produce "an unconstitutional result which would render [such a motion] 'inadequate or ineffective' and section 2241 available" within the meaning of *Triestman*. AA at 28 fn.1.

Responding to the Government's motion, Bryant contended that § 2255 was "inadequate or ineffective" in her case on various grounds, including that the judge who *sua sponte* denied her leave to file a § 2255 motion out of time was biased against her and that her collateral challenges "involve[ ] a conviction based on the *Bailey* case" and "a miscarriage of justice." AA at 38.

The district court granted the Government's motion to dismiss Bryant's petition. In its August 31, 1999 Ruling, the court reasoned that all of Bryant's challenges alleged that her sentence was unconstitutionally imposed rather than executed and therefore they should be brought under § 2255 rather than § 2241. Slip op. at 3–5 (citing *Chambers v. United States*, 106 F.3d 472, 474–75 (2d Cir.1997)).

The court also ruled that none of Bryant's claims fit within the *Triestman* exception that allows a prisoner to petition under § 2241 when § 2255 proves inadequate or ineffective to test the legality of her detention. "*Triestman* instructs that Section 2255 is inadequate or ineffective only in those instances where failure to allow for collateral review would raise serious questions as to Section 2255's constitutional validity." Slip op. at 4. Addressing only Bryant's argument that § 2255 would be inadequate or ineffective because of the North Carolina judge's alleged bias towards her, the court concluded that in her case "the remedy of Section 2255 is *not* inadequate or ineffective as contemplated by Triestman." Slip op. at 5.

On September 30, 1999, Bryant filed a Motion For Reconsideration under Federal Rules of Civil Procedure 59(e) and

60(b).[2] She argued, among other things, that § 2255 is inadequate or ineffective "where, as here the Petitioner cannot file a 2255 motion due to the AEDPA, and claims that she is actually innocent of a firearms' charge." AA at 50. She asserted that she was "actually innocent of the firearms' charge" and that *"Triestman* makes it clear that the absence of a remedy for a viable claim of actual innocence would create all sorts of potential constitutional violations." AA at 51.

The district court issued an endorsement order on November 2, 1999 adhering to its earlier decision dismissing the petition.

On appeal Bryant argues that the district court erred in concluding that § 2255 was not inadequate or ineffective, because forcing her to proceed under § 2255 would result "in the continued imprisonment of a prisoner who is actually innocent of the crime in violation [of] the Eighth Amendment protection against cruel and unusual punishment." Appellant's Br. at 16–17.

The Government continues to argue on appeal that Bryant's § 2241 petition is impermissible. The Government further recommends that her petition be converted to a § 2255 motion and transferred in the interest of justice to the Eastern District of North Carolina, where, under Fourth Circuit precedent, Bryant's *Bailey* claim would apparently not be untimely and could be addressed on the merits. Appellee's Br. at 26–29 (citing *In re Vial*, 115 F.3d 1192, 1197 & n. 9 (4th Cir.1997) (en banc)).

Rule 60(b) provides that a court may relieve a party from a final judgment on several specific grounds as well as for "any other reason justifying relief from the op-

eration of the judgment." Fed.R.Civ.P. 60(b)(6). This catchall provision of Rule 60(b)(6) has been described as "a grand reservoir of equitable power to do justice in a particular case." *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir.1977) (quoting 7 Moore's Federal Practice ¶ 60.27(2) (2d ed. rev. 1975)); *see also Compton v. Alton Steamship Co.*, 608 F.2d 96, 107 (4th Cir.1979) (concluding that "fundamental fairness and considerations of justice" required vacating judgment under Rule 60(b)(6)). Rule 60(b)(6) relief is proper only in cases involving "extraordinary circumstances," *Ackermann v. United States*, 340 U.S. 193, 199, 71 S.Ct. 209, 95 L.Ed. 207 (1950), or "extreme hardship," *United States v. Karahalias*, 205 F.2d 331, 333 (2d Cir.1953), and we review a district court's ruling on a Rule 60(b) motion for abuse of discretion, *Branum v. Clark*, 927 F.2d 698, 704 (2d Cir.1991).

We affirm the district court's order on Bryant's motion for reconsideration in large part, but we must vacate it to the extent that it concerns Bryant's claim that she is actually innocent of the § 924(c) charge, a claim which the district court did not expressly address either in its August 31 Ruling or after Bryant filed her Rule 60(b) motion.

The Supreme Court has declared that a "fundamental miscarriage of justice" results where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 495–96, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).

Like the defendant in *Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), Bryant contends that her pre-*Bailey* guilty plea to the § 924(c)

---

**2.** To the extent Bryant's motion was under Rule 59(e) it was untimely. *See* Fed.R.Civ.P. 59(e).

charge was unconstitutional because it was not knowing, intelligent, and voluntary. As the Supreme Court reiterated in *Bousley,* a guilty plea cannot be considered intelligent unless a defendant receives "real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." *Id.* at 618 (quoting *Smith v. O'Grady,* 312 U.S. 329, 334, 61 S.Ct. 572, 85 L.Ed. 859 (1941)). The issue of notice is implicated with particular acuteness in a case such as this, where Bryant, her counsel, and the district court lacked the benefit of the Supreme Court's authoritative interpretation of § 924(c) at the time of Bryant's plea; as the *Bousley* Court warned, "decisions of this Court holding that a substantive federal criminal statute does not reach certain conduct . . . necessarily carry a significant risk that a defendant stands convicted of an act that the law does not make criminal." *Id.* at 620 (citation and internal quotation marks omitted).

We therefore remand to the district court to determine whether Bryant has a colorable claim that a "constitutional error in [her] plea colloquy [on the § 924(c) charge] 'has probably resulted in the conviction of one who is actually innocent.' " *Bousley,* 523 U.S. at 623 (quoting *Carrier,* 477 U.S. at 496); *cf. Wyzykowski v. Dep't of Corr.,* 226 F.3d 1213, 1218–19 (11th Cir. 2000). "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted [her]." *Bousley,* 523 U.S. at 623 (citations and internal quotation marks omitted).

Should the district court find that Bryant possesses a colorable claim of actual innocence, the court must then consider whether Bryant's incarceration on her § 924(c) conviction would raise any serious constitutional questions about the validity of § 2255's one-year period of limitation. *See Jiminian v. Nash,* 245 F.3d 144, 147–48 (2d Cir.2001); *Lucidore v. New York Div. of Parole,* 209 F.3d 107, 114 (2d Cir. 2000); *Triestman,* 124 F.3d at 377; *Alexander v. Keane,* 991 F.Supp. 329, 334–40 (S.D.N.Y.1998); *cf. Herrera v. Collins,* 506 U.S. 390, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993); *McCleskey v. Zant,* 499 U.S. 467, 495, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *Kuhlmann v. Wilson,* 477 U.S. 436, 454, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986) (opinion of Powell, J.); *Carrier,* 477 U.S. at 496. We add that we intimate no view as to whether a colorable claim of actual innocence exists in this case, or in the event that it does, whether such a claim in this case would render § 2255 inadequate or ineffective.

For the reasons set forth above, the judgment of the district court is AFFIRMED in part, VACATED in part, and REMANDED with instructions.