[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-13566
Non-Argument Calendar
_____

D. C. Docket No. 03-02913-CV-J-S

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 22, 2005
THOMAS K. KAHN
CLERK

AARON LAMONT JOHNSON,

Petitioner-Appellant,

versus

RALPH HOOKS,
Warden,
ATTORNEY GENERAL OF ALABAMA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(June 22, 2005)

Before TJOFLAT, ANDERSON and WILSON, Circuit Judges.

PER CURIAM:

Petitioner is an Alabama prison inmate serving a life sentence for capital

murder. The district court denied his application for a writ of habeas corpus, 28

U.S.C. § 2254, as time barred. He now appeals. We granted a certificate of

appealability on two issues:

> (1) Whether the district court properly found that [petitioner] did not make a sufficient showing of actual innocence to potentially overcome the untimeliness of his federal habeas corpus petition based on the limited record before it?

> (2) If not, whether the application of 28 U.S.C. § 2244's one-year statute of limitations constitutes an unconstitutional suspension of the writ of habeas corpus? See Wyzykowski v. Department of Corrections, 226 F. 3d 1213, 1218-19 (11th Cir. 2000).

> A federal court reviewing a § 2254 petition must give a level of deference to

a state court's findings of fact. Specifically:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).

Prisoners have a one-year limitation period to file a § 2254 habeas petition.

28 U.S.C. § 2244(d). In Wyzykowski, we held that the § 2244(d)'s one-year

statute of limitations was not an unconstitutional suspension of the writ of habeas

corpus. We noted a "troubling and difficult constitutional question," however,

when a petitioner can show actual innocence and the statute of limitations has

expired. Wyzykowski, 226 F.3d at 1218. We held that the petitioner must make the actual-innocence showing before the court will address the constitutional issue. Id. We vacated the district court's decision because there was "a complete absence in the record on appeal concerning . . . a showing of actual innocence." Id. at 1219. In particular, although Wyzykowski had apparently pled guilty, we did not have access to his plea colloquy. Id. Moreover, the district court never addressed Wyzykowski's claims of actual innocence. Id. at 1218.

To make a showing of actual innocence, the petitioner must establish that a constitutional violation has probably resulted in the conviction of one who is actually innocent." Sibley v. Culliver, 377 F.3d 1196, 1205 (11th Cir. 2004). "To meet this standard, a petitioner must demonstrate that it is more likely than not that no reasonable juror would have convicted him of the underlying offense." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quotations omitted); see also Sibley, 377 F.3d at 1205. To accomplish this, the petitioner must offer reliable evidence that was not presented at trial. Johnson, 256 F.3d at 1171.

Here, the record before the district court was sufficient to enable the court to conclude that petitioner failed to meet the "actual innocence" exception. Included in the record were the state appellate court's opinion, the affidavits from the additional witnesses, the reports, and the recorded statements that were submitted

3

with petitioner's traverse. We give deference to the facts set out in the state appellate court's opinion and presume them to be correct because petitioner Johnson failed to prove them incorrect by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). In the light of the state appellate court's summary of the testimony, the district court considered the new evidence petitioner offered to establish his innocence and found that such evidence would have been repetitive and conflicting. We agree. And, since we conclude that the district court properly found that petitioner failed to meet the "actual innocence" exception, we need not address the second issue the certificate of appealability presents, i.e., whether the § 2244(d) statute of limitations is constitutional as applied to someone who is actually innocent.

AFFIRMED.