[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 05, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14501
Non-Argument Calendar

_____

D. C. Docket No. 05-00301-CV-OC-10GRJ

JAIME LUIS COLLAZO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 5, 2006)**

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Jamie Luis Collazo, a pro se federal prisoner, appeals the district court's

dismissal of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. After review, we affirm.

In his § 2241 petition, Collazo claimed that his constitutional rights were violated because his sentence was enhanced based on facts that were neither charged in the indictment nor proven to a jury beyond a reasonable doubt, in violation of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005). Collazo also alleged that he received ineffective assistance of counsel.

The district court noted that in his § 2241 petition Collazo averred that he was convicted and sentenced in the Eastern District of Pennsylvania ("EDPA"), and that Collazo did not challenge the execution of his sentence. Thus, the district court concluded that Collazo should have filed his claims in a 28 U.S.C. § 2255 motion in the EDPA. The district court also pointed out that Collazo failed to state whether he applied for relief under § 2255 in the EDPA or whether he was entitled to relief under the "savings clause" of § 2255. Thus, the district court dismissed Collazo's § 2241 petition without prejudice to re-file his claims in the appropriate court. Collazo moved for reconsideration of the dismissal, which the district court denied. Collazo timely appealed.

2

"We review de novo the district court's denial of habeas relief under § 2241." Skinner v. Wiley, 355 F.3d 1293, 1294 (11th Cir. 2004). Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255. Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, a provision of § 2255 permits a federal prisoner to file a habeas petition pursuant to 28 U.S.C. § 2241 where § 2255 relief would be "inadequate or ineffective." Id.; see also 28 U.S.C. §§ 2241(a), 2255. That provision, known as the "savings clause," provides that

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.

The savings clause only applies when (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision established that the prisoner was convicted of a "nonexistent offense"; and (3) "circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion." Wofford v.

3

Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).[1] In order for a petitioner to avail himself of the § 2241 remedy under Wofford, all three criteria must be satisfied. A petitioner may not argue the merits of his claim until he has "open[ed] the portal" to a § 2241 proceeding by demonstrating that § 2255's savings clause applies to his claim. Id. at 1244 n.3.[2]

As to the first prong, the constitutional rule announced in Blakely and Booker "falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." Varela v. United States, 400 F.3d 864, 868 (11th Cir.), cert. denied, 126 S. Ct. 312 (2005). Apprendi also does not apply retroactively on collateral review. McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001). Collazo does not point to any other Supreme Court decisions in support of his claims. Therefore, Collazo has failed to satisfy the first prong of the Wofford test, and we need not address the remaining prongs. Further, because Collazo failed to "open the portal" to § 2241, we do not

---

[1]The unavailability of a § 2255 motion because of a time limitation or procedural bar does not render § 2255 "inadequate or ineffective" within the meaning of the savings clause. See Wofford, 177 F.3d at 1245.

[2]Collazo correctly argues that the text of § 2241 does not require a showing that § 2255 relief is inadequate or ineffective. However, that requirement does appear in the text of § 2255, which is the proper avenue for challenging a federal conviction and sentence as Collazo's § 2241 petition seeks to do. Thus, Collazo must show that § 2255 is inadequate or ineffective in order to proceed under § 2241.

reach the merits of his claims.[3]

Collazo additionally argues that applying the savings clause to him violates the Suspension Clause,[4] and, therefore, we should decline to apply the test in Wofford. Under the Suspension Clause, the "writ as it existed in 1789" is a constitutional floor, below which Congress cannot restrict the writ of habeas corpus. See INS v. St. Cyr, 533 U.S. 289, 300-01, 121 S. Ct. 2271, 2279-80 (2001) ("[A]t the absolute minimum, the Suspension Clause protects the writ as it existed in 1789." (quotation marks and citation omitted)). However, Congress can, and has, altered the writ since 1789. See Felker v. Turpin, 518 U.S. 651, 663-64, 116 S. Ct. 2333, 2339-40 (1996) (discussing history of the writ); see also Medberry v. Crosby, 351 F.3d 1049, 1057 (11th Cir. 2003) (noting that the savings clause "avoided any serious question about whether . . . § 2255 caused an unconstitutional suspension of the writ."); Swain v. Pressley, 430 U.S. 372, 381, 97 S. Ct. 1224, 1230 (1977) (stating that District of Columbia legislation patterned after § 2255 did not violate the Suspension Clause because "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus").

---

[3]We also reject Collazo's argument based on Clisby v. Jones, 960 F.2d 925 (11th Cir. 1992) (en banc), for this reason.

[4]U.S. Const. art. I, § 9, cl. 2 ("The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it.").

5

Moreover, the remedy created in § 2255 is "the exact equivalent of the pre-existing habeas corpus remedy." Swain, 430 U.S. at 381, 97 S. Ct. at 1230.

We readily conclude that § 2255's savings clause does not violate the Suspension Clause, and we are bound by the test set forth in Wofford.[5] See Cargill v. Turpin, 120 F.3d 1366, 1386 (11th Cir. 1997) (stating that the "law of this circuit is 'emphatic' that only the Supreme Court or this court sitting en banc can judicially overrule a prior panel decision."). Accordingly, because Collazo failed to show that relief under § 2255 was inadequate or ineffective under the test in Wofford, the district court did not err by dismissing his § 2241 petition.

**AFFIRMED.**

---

[5]We have previously held that neither the one-year limitations period for filing an initial habeas corpus petition nor AEDPA's restrictions on successive petitions amounts to suspension of the writ. See Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1217 (11th Cir. 2000).