[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 12, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15519
Non-Argument Calendar

_____

D. C. Docket No. 06-22871-CV-FAM

BRUCE RICH,

Petitioner-Appellant,

versus

DEPARTMENT OF CORRECTIONS STATE OF FLORIDA,
Walter A. McNeil, Secretary,
ATTORNEY GENERAL OF FLORIDA,
Bill McCollum,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 12, 2008)**

Before BIRCH, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

Bruce Rich, a Florida state prisoner proceeding *pro se*, appeals the dismissal of his 28 U.S.C. § 2254 habeas corpus petition as barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214. Rich argues that (1) his federal habeas petition was timely because he filed it within one year of exhausting all state remedies, and the time spent learning and preparing before filing state challenges should not count towards the one-year statute of limitations for filing federal habeas claims; (2) equitable tolling should apply because his pleadings were properly filed with no undue delay, no prejudice to the state, and no files lost or misplaced; and (3) the time-bar should not apply to him because he is actually innocent.

## STANDARD OF REVIEW

We review *de novo* the district court's determination that a petition for federal habeas relief is time-barred, pursuant to 28 U.S.C. § 2244(d). *Bond v. Moore,* 309 F.3d 770, 772 (11th Cir. 2002).

## DISCUSSION

The AEDPA imposes a one-year statute of limitations for filing § 2254 habeas petitions. The statute of limitations begins to run following one of four

2

events, including "the date on which the judgment became final . . . ."  28 U.S.C. § 2244(d)(1)(A).  The AEDPA's one-year statute of limitations is tolled when a "properly filed" motion for post-conviction relief is "pending" in state court.  28 U.S.C. § 2244(d)(2); *Webster v. Moore*, 199 F.3d 1256, 1257-58 (11th Cir. 2000).  However, the two-year period allowed for filing a Florida post-conviction motion does not expand the AEDPA's one-year statute of limitation period.  *Tinker v. Moore*, 255 F.3d 1331, 1334-35 (11th Cir. 2001).

The statute of limitations can also be equitably tolled when a petitioner "untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (citation and internal quotation marks omitted).  This remedy is extraordinary, and the petitioner bears the burden of showing that it is warranted.  *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

We have not ruled whether the time-bar for filing a federal petition constitutes an unconstitutional suspension of the writ of habeas corpus when the petitioner can show actual innocence and § 2244(d)'s limitation period has expired.  *See Wyzykoski v. Dep't of Corr.*, 226 F.3d 1213, 1218 (11th Cir. 2000) (declining to rule upon the constitutional question until the district court reviewed the merits of the actual innocence claim).  Nonetheless, the Supreme Court has held that

3

"'[a]ctual innocence' means factual innocence, not mere legal insufficiency."

*Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 1611, 140 L. Ed. 2d

828 (1998). Thus, to meet the actual innocence standard, a habeas petitioner must

show that "in light of all the evidence, it is more likely than not that no reasonable

juror would have convicted him." *Id.* (internal quotation marks and citation

omitted). Actual innocence claims must also be supported "with new reliable

evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness

accounts, or critical physical evidence–that was not presented at trial." *Schlup v.*

*Delo*, 513 U.S. 298, 324, 115 S. Ct. 851, 865, 130 L. Ed. 2d 808 (1995).

We find no reversible error here. First, the district court did not err in

dismissing Rich's petition as time-barred under § 2244(d). Although Rich filed a

motion for state post-conviction relief within the two-year period allowed by

Florida law, his doing so did not preclude § 2244(d)'s one-year time limit to file a

federal habeas petition. *Tinker*, 255 F.3d at 1334-35. Because about two-and-a-

half years of untolled time passed between Rich's conviction becoming final and

his filing for federal habeas relief, his federal habeas petition is time-barred.

Second, Rich is not entitled to equitable tolling because he has not shown

that extraordinary circumstances prevented him from timely filing his federal

habeas petition. Rich fails to allege any circumstances beyond his control, but

4

instead argues that equitable tolling should apply because he is a *pro se* litigant who actively pursued his legal remedies by timely filing his motion for state post-conviction relief, without undue delay or prejudice to the state. But Rich's *pro se* status and his conformity with state law are not extraordinary circumstances that could have prevented him from filing his federal habeas petition on time. *See Tinker*, 255 F.3d at 1334-35. Consequently, Rich fails to meet his burden of showing that equitable tolling should apply. *Id.*

Finally, Rich is not entitled to an actual innocence exception to the § 2244(d) time-bar because he has presented no new evidence of his factual innocence. Instead, he argues that the state's evidence at his trial was insufficient to support his conviction. Rich's argument is not based on new reliable evidence and fails to show that "it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623, 118 S. Ct. at 1611.

CONCLUSION

We affirm the district court's dismissal of Rich's § 2254 petition as time-barred.

**AFFIRMED.**

5