[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-15594
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 1, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-01132-CV-ORL-28-KRS

JESSIE MILTON,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 1, 2009)

Before TJOFLAT, EDMONDSON and ANDERSON, Circuit Judges.

PER CURIAM:

Proceeding pro se, Florida state prisoner Jessie Milton, serving a 22-year sentence for the second-degree murder of his then girlfriend's 1-year-old daughter, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition for habeas corpus relief as time-barred by 28 U.S.C. § 2244(d). In his § 2254 petition, Milton argued that he was actually innocent of the murder for which he was convicted, alleging that the victim's mother had lied at his trial, that the trial court erred by giving a misleading jury instruction, that various forms of prosecutorial misconduct had occurred during his trial, and that he received ineffective assistance of counsel. Milton eventually submitted 18 documents–including various unnotarized affidavits and letters–in support of his actual-innocence claim. The district court denied Milton's petition, finding that, assuming an actual-innocence exception to 28 U.S.C. § 2244(d)'s statute of limitations existed under the Suspension Clause, Milton failed to offer new, reliable evidence of his innocence that was sufficient to undermine the district court's confidence in Milton's conviction. We granted a certificate of appealability ("COA") on the following issue:

> "Whether the district court erred in finding that Milton failed to present sufficient evidence supporting his claim of actual innocence."

On appeal, Milton argues that the district court failed to analyze his newly presented evidence under the appropriate legal standard and further that his newly

2

presented evidence supported his trial testimony, contradicted the testimony of the victim's mother, and implicated the victim's mother in the murder, thus raising substantial doubt as to his guilt. He also makes various arguments related to prosecutorial misconduct and the jury instructions at his trial, the district court's failure to hold an evidentiary hearing, and the district court's failure to address the merits of all of his claims. He has also submitted a "motion for relief," asking us to vacate his conviction and sentence, remand to the district court, grant a new trial, or order an evidentiary hearing.

As an initial matter, we will not address the merits of Milton's claims beyond the sufficiency of his actual-innocence claim as a way to overcome the § 2244(d) time-bar because our scope of review is limited to the issue specified in the COA. See Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998) (addressing a motion to vacate under 28 U.S.C. § 2255).

When reviewing the district court's grant or denial of a § 2254 petition, we review the decision de novo. McNair v. Campbell, 416 F.3d 1291, 1297 (11th Cir. 2005). Legal questions and mixed questions of law and fact are reviewed de novo, while a district court's factual findings are reviewed for clear error. Arthur v. Allen, 452 F.3d 1234, 1243 (11th Cir. 2006), modified on reh'g, 459 F.3d 1310 (11th Cir. 2006).

3

The Suspension Clause provides: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. Despite this constitutional restriction, the "judgments about the proper scope of the writ are normally for Congress to make." Felker v. Turpin, 518 U.S. 651, 664, 116 S.Ct. 2333, 2340, (1996) (quotation omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for federal habeas petitions filed pursuant to 28 U.S.C. § 2254:

> The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). We have not decided whether a showing of actual

4

innocence creates an exception to the AEDPA's statute of limitations in order to prevent a possible violation of the Suspension Clause. Wyzykowski v. Dept. of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000); see also Melson v. Allen, 548 F.3d 993, 1002-03 (11th Cir. 2008), pet. for cert. filed, (U.S. July 16, 2009) (No. 09-5373) (noting that we have not decided whether the Constitution requires an actual-innocence exception to AEDPA's limitations period). To avoid answering that difficult constitutional question until necessary, we have held that before addressing whether the AEDPA's limitations period constitutes a violation of the Suspension Clause in the case of a claim of actual innocence, we should first consider whether the petitioner can show actual innocence. Wyzykowski, 226 F.3d at 1218-19.

In a related context, the Supreme Court has held that in order to avoid a procedural bar based on successive habeas petitions and have his petition heard on the merits, a habeas petitioner asserting actual innocence must show that his conviction "probably resulted" from "a constitutional violation." Schlup v. Delo, 513 U.S. 298, 327, 115 S.Ct. 851, 867 (1995). The petitioner can meet this standard by presenting new evidence that shows "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. The "reasonable doubt" standard should be based on the district court's

5

"probabilistic determination about what reasonable, properly instructed jurors would do." Id. at 329, 115 S.Ct. at 868.

An actual-innocence claim must be supported "with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." Id. at 324, 115 S.Ct. at 865. To meet the "threshold showing of innocence" justifying "a review of the merits of the constitutional claims," the new evidence must raise "sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." Id. at 317, 115 S.Ct. at 862. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 1611 (1998).

After reviewing Milton's newly submitted evidence and the evidence presented at trial, the district found that Milton had not made a sufficient showing of actual innocence. The district court detailed the contents of the submissions in its order dismissing Milton's petition. The district court found that the affidavits submitted by Milton were neither new nor reliable evidence of his innocence based on the relationships between Milton and the various affiants and because many of the affiants were aware of the alleged facts to which they attested before Milton's trial. The district court further found that none of the affidavits explained or

6

nullified Milton's confession or his taped conversation with the victim's mother wherein he implicated another individual. Based on those findings, the district court found that Milton had not presented "sufficient evidence to undermine the court's confidence in the outcome of his criminal proceedings."

Upon review of the record, and upon consideration of the parties' briefs, we hold that the district court did not err when it dismissed Milton's petition. Before addressing the affidavits more specifically, we note that the reliability of the affidavits is called into question because all of these affidavits were presented more than ten years after the murder and roughly eight years after Milton's trial and that in most cases, as the district court noted, the affiants were aware of the alleged facts to which they now attest before Milton's trial. A reasonable explanation for this delay has not been presented. At most, some affiants noted that they did not wish to "get involved." See Schlup, 513 U.S. at 332, 115 S. Ct. at 869 (noting in context of request for an evidentiary hearing on an actual-innocence claim that "the court may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence").

Considering the submissions more closely, we conclude that the affidavits are not sufficient to satisfy the threshold showing of actual innocence. The reliability of the affidavits from Capers, Allen, and Walker are all called into

question because they are all incarcerated with Milton. The reliability of the affidavits of Roberts, Murphy, and Brown are all called into question because Roberts and Brown are either friends with Milton or his family and Murphy is Roberts's cousin. The affidavit of Jenkins suffers a similar problem because she is the cousin of an inmate incarcerated with Milton. Milton's own affidavit is not new, reliable evidence of his innocence because it primarily repeats his testimony at trial and he presents no explanation for any factual differences from his trial testimony. The alleged "Oath Statement" of the victim's mother is not new, reliable evidence because it is not sworn to or signed by the purported author. The reliability of the hand-written letter from the victim's mother is called into question first because it is not in the form of an affidavit and also because it functions primarily as a recantation of her prior testimony. See Melson, 548 F.3d at 1003 (noting that statements not in the form of an affidavit are less reliable); United States v. Santiago, 837 F.2d 1545, 1550 (11th Cir. 1988) (noting that "recantations are viewed with extreme suspicion by the courts"). The affidavit of Capers is not new, reliable evidence of innocence because Capers claims that, although he did not personally know Milton, he remembers seeing him out on the street one night more than ten years ago and further because Capers can not remember whether this occurred on the night of the murder or not.

Even if any of the affidavits presented new, reliable evidence of actual innocence, the evidence presented in the affidavits is not sufficient to show that "more likely than not that no reasonable juror would have convicted" Milton in light of the evidence. Schlup, 513 U.S. at 327, 115 S.Ct. at 867. The evidence is insufficient because, despite the fact that several of the affidavits corroborate a portion of Milton's version of events and others implicate the victim's mother in the crime or undermine her trial testimony, none of the evidence negates Milton's confession or his taped conversation with the victim's mother wherein he implicates another individual in the murder. Finally, we note that the jury instructions and verdict form submitted by Milton, the letter from Milton to Whitson, and the Florida state court orders denying post-conviction relief have no bearing on Milton's actual-innocence claim.

Because Milton has not presented new, reliable evidence in light of which it is more likely than not that no reasonable juror would have convicted him, Milton has not made the threshold showing of actual innocence. Accordingly, we affirm the district court's dismissal of his petition. Because we are affirming the court's dismissal, we also deny as moot Milton's motion for relief.

**AFFIRMED.**

9